**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Andrew SCHNEIDER,**
**Defendant–Appellant.**

**No. 88–3175.**

United States Court of Appeals,
Seventh Circuit.

Submitted June 28, 1990.

Decided Aug. 24, 1990.

Hilary W. Frooman, Asst. U.S. Atty., Springfield, Ill., for plaintiff-appellee.

Andrew J. Schneider, Springfield, Mo., for defendant-appellant.

Before POSNER, MANION, and KANNE, Circuit Judges.

POSNER, Circuit Judge.

Andrew Schneider was sentenced to five years in prison after being convicted by a jury of making a threat by mail in violation of 18 U.S.C. § 876. The threat was against a judge of the Illinois circuit court who had entered a default judgment against Schneider in a lawsuit arising out of a

zoning dispute. The letter, sent certified mail to the justices of the Supreme Court of Illinois, whom the letter describes as "Dear Public Serpents" and "high and mighty yo-yo's," contains the following language alleged to be threatening: "I remind you again, that this 'Idiota Persona Non Grata' [the circuit court judge] is of your problem and if is allowed to continue to be mine, he will be executed as the pending [warning?] to others as enemies of the Constitution and Nation by his act of War.... You had better nuffify [nullify] and countermand any of his demented orders or he will be nullified for his criminal activities."

■ The appeal raises a number of issues but only three require consideration. The first is the claim, ripe for us because based entirely on the trial record, that Schneider was denied effective assistance of counsel because, despite irreconcilable differences between him and his lawyer, the lawyer was not allowed to withdraw from the case. The differences came down to this. Schneider wanted to present as his sole defense the contention that he is a free, sovereign citizen and as such not subject to the jurisdiction of the federal courts. Since that defense has no conceivable validity in American law, the judge would not have permitted it to be presented to the jury and no reputable lawyer could have been found to attempt to persuade the judge otherwise. Schneider would therefore have had the same irreconcilable differences with any ethical and competent lawyer, and so could not have been harmed, in any legally relevant sense, by the judge's refusing to allow his lawyer to withdraw. If Schneider had made a timely request to be allowed to represent himself, the judge would have been obliged to grant it, *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), but Schneider never asked to be permitted to defend himself. He wanted a lawyer who does not, or at least should not, exist.

■ Could a reasonable jury find that the language we have quoted from Schneider's letter was a threat upon the life of the circuit judge? We believe so. The fact that the threat was conditional—to be carried out only if the "public serpents" to whom it was addressed failed to correct the circuit judge's conduct and nullify his orders, presumably including the default judgment—is immaterial. *United States v. Hoffman*, 806 F.2d 703, 711 (7th Cir.1986). Most threats are conditional; they are designed to accomplish something; the threatener hopes that they *will* accomplish it, so that he won't have to carry out the threats. *United States v. Velasquez*, 772 F.2d 1348, 1357 (7th Cir.1985). They are threats nonetheless. "Your money or your life" is a threat punishable under the statute—expressly so, since the statute separately punishes extortionate threats, indeed more severely than simple ones.

■ The threat in this case was ambiguous, but the task of interpretation was for the jury, *United States v. Khorrami*, 895 F.2d 1186, 1192 (7th Cir.1990); *Martin v. United States*, 691 F.2d 1235, 1240 (8th Cir.1982), which did not take leave of its senses in concluding that it really was a threat to kill the circuit judge if his superiors did not rein him in and nullify his orders; that it was not just the rhetoric of hyperbole that comes so easily to the lips of angry Americans. That the judge was sufficiently alarmed to request and receive protection from the local sheriff was corroborative evidence of the meaning of the letter. *United States v. Davis*, 876 F.2d 71, 73 (9th Cir.1989) (per curiam). It did not, perhaps, illuminate the state of mind of the threatener, but all the statute requires on that score is that the defendant have intended to make the statement found to be a threat, and that is conceded. The test for whether a statement *is* a threat is an objective one; it is not what the defendant intended but whether the recipient could reasonably have regarded the defendant's statement as a threat. *United States v. Prochaska*, 222 F.2d 1, 2 (7th Cir.1955). We have found no recent cases on the point, but it seems clearly correct to us as a matter of principle. "A threat is not a state of mind in the threatener; it is an appearance to the victim." *United States v. Holzer*, 816 F.2d 304, 310 (7th Cir.), vacated for reconsideration on other

grounds, 484 U.S. 807, 108 S.Ct. 53, 98 L.Ed.2d 18 (1987) (per curiam). The fact that the victim acts as if he believed the threat is evidence that he did believe it, and the fact that he believed it is evidence that it could reasonably be believed and therefore that it *is* a threat. By this chain of inference, the relevance of the judge's testimony is established. We add that the high level of violence in this country, some of it directed against public officials, warrants juries in taking such threats deadly seriously.

▪ The last question is whether the district judge abused his discretion in giving the defendant the maximum sentence that the statute authorizes. This was a pre-Guidelines sentence, and the only question is whether the judge based it on improper considerations. *United States v. Ely*, 719 F.2d 902, 906 (7th Cir.1983). Schneider points to the judge's statement in delivering the sentence, "You're a strange man. In fact, you're a flake." The use of slang in discharging the awesome duty of sentencing is regrettable. We are not a ceremonious people, but there are occasions on which solemnity remains the proper mood and criminal sentencing is one of them. However, there was no impropriety in the content as distinct from the form of the judge's statement. The context makes clear that in deciding to give the defendant the statutory maximum the judge was influenced by the fact that Mr. Schneider considers himself to be above the laws of the United States, and a defiant attitude toward the legitimacy of the court system is a proper consideration in deciding how dangerous a convicted criminal is, how likely he is to repeat the crime if not punished severely, and the likelihood that his example will inspire others unless he is severely rebuked through the imposition of a heavy sentence—all proper considerations in the discretionary system of sentencing that we had before the Sentencing Guidelines came into effect. *United States v. Nowicki*, 870

F.2d 405 (7th Cir.1989). Persons who do not merely violate the law, but flout it, can expect to be punished more severely than persons who do not thus season their criminality with effrontery.

AFFIRMED.