946 F.2d 896
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William R. MATTISON, Defendant-Appellant.
 No. 90-6119.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1991.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The defendant-appellant William R. Mattison was convicted of knowingly depositing or causing to be delivered any communication "containing any threat to kidnap any person or any threat to injure the person of the addressee or of another" in violation of 18 U.S.C. section 876. Mattison was sentenced to thirty months of imprisonment and three years of supervised release. He appealed from that verdict and sentence.
 
 
 2
 On February 6, 1989, Mattison filed a pro se appeal in the United States District Court for the Middle District of Tennessee by mailing from Sarasota, Florida a document entitled "Petition for Writ of Certiorari." Mattison sought to appeal several unfavorable Tennessee state court civil judgments outstanding against him. The pleading was approximately twenty-eight pages long with one hundred and seventy-five pages of exhibits.
 
 
 3
 The pleading contained several paragraphs in which Mattison threatened and derided the court system and the judiciary. In these paragraphs he wrote:
 
 
 4
 Over thirty years ago, upon entering into military service I took an oath to defend the Constitution (of the People) of the United States. If these issues are not addressed by this Court I will KILL any agent of the government, including any United States Judge, who orders the violation of my right. I would consider KILLING a person who violates my rights an act in fulfillment of my sacred oath.
 
 
 5
 United States v. Mattison, 731 F.Supp. 831, 832 (M.D.Tenn.1990) (denial of recusal motion).
 
 
 6
 He repeated this commination in later paragraphs.
 
 
 7
 The clerk of the court, immediately upon receiving the pleading, presented it to Chief Judge Thomas A. Wiseman, Jr., who, upon review, dismissed the action and delivered copies to the FBI and the United States Attorney. An indictment was subsequently issued, upon which Mattison was tried and convicted by a jury.
 
 
 8
 On appeal, Mattison first asserted that the evidence was insufficient to support the verdict because it failed to prove that a specific judge had been identified in the pleading, consequently, no individual had been threatened. He also charged that the language of the pleading was conditional and criticized public officials generally, and, therefore, constituted protected political speech. In evaluating the sufficiency of the evidence, this court must view the evidence and all reasonable inferences arising therefrom in the light most favorable to the government in determining whether a reasonable trier of fact could conclude that it proved each element of the crime beyond a reasonable doubt. United States v. Blakenship, 870 F.2d 326, 330 (6th Cir.1988), cert. denied, 489 U.S. 1068 (1989).
 
 
 9
 To prevail in a criminal proceeding charging a violation of 18 U.S.C. section 846, the government must prove only that the defendant intentionally made a statement which would or could have been reasonably interpreted by a recipient under similar circumstances as an expression or threat to intentionally inflict bodily harm. See United States v. Glover, 846 F.2d 339, 344-45 (6th Cir.), cert. denied, 488 U.S. 982 (1988); United States v. Vincent, 681 F.2d 462, 464 (6th Cir.1982). Pursuant to existing Sixth Circuit precedent, the government need not prove actual intent or capability to carry out the threat. See United States v. Lincoln, 462 F.2d 1368, 1369 (6th Cir.), cert. denied, 409 U.S. 952 (1972).
 
 
 10
 The test of a threatening statement "is not what the defendant intended but whether the recipient could reasonably have regarded the defendant's statement as a threat." United States v. Schneider, 910 F.2d 1569 (7th Cir.1990); United States v. Prochaska, 222 F.2d 1, 2 (7th Cir.1955). See United States v. Holzer, 816 F.2d 304, 310 (7th Cir.) ("A threat is not a state of mind in the threatener; it is an appearance to the victim."), vacated for reconsideration on other grounds, 484 U.S. 807 (1987) (mem.). Judge Wiseman's reaction to Mattison's pleading is evidence that Mattison's statement, although conditional as most such similar statements are, was considered by Judge Wiseman to be a threat. The fact that Judge Wiseman considered it to be a threat is evidence that the pleading could reasonably be a threat. See United States v. Schneider, 910 F.2d at 1570-71. The context of the language supports this construction and undercuts Mattison's First Amendment defense. Cf. Watts v. United States, 394 U.S. 705, 706-07, 89 S.Ct. 1399, 1400-01 (1969). Upon the evidence presented, a reasonable trier of fact could determine that the language threatened to harm another and reject Mattison's First Amendment defense.
 
 
 11
 Mattison also argued that Judge Higgins, the district judge who presided over his trial, erred in denying his motion for a change of venue and for recusal. The standard of review of a lower court's denial of both a venue motion and a recusal motion is abuse of discretion. Fed.R.Crim.P. 18 (venue); In re City of Detroit, 828 F.2d 1160, 1166 (6th Cir.1987) (recusal). Because Mattison's offense involved the use of the mails, he could have been prosecuted "in any district from, through, or into which such ... mail matter ... moves." 18 U.S.C. § 3237. Thus, Mattison had no constitutional or statutory rights to be prosecuted in the Middle District of Florida, where he mailed the pleading, rather than the Middle District of Tennessee. In addition, a change of venue to Florida would have inconvenienced at least two witnesses, Chief Judge Wiseman and the clerk of the court. Fed.R.Cr.P. 21(b). Accordingly, the district court did not abuse its discretion in denying the motion for a change of venue.
 
 
 12
 Mattison also moved Judge Higgins to recuse himself pursuant to 28 U.S.C. section 455 because all of the district judges in the Middle District of Tennessee were the intended targets of the threatening communication, including Judge Higgins, ergo, his impartiality was questionable and his personal bias was probable. 28 U.S.C. § 455 (a) & (b)(1). However, as the district judge noted, if he disqualified himself because he was an intended victim, every district judge in the Middle District of Tennessee would also have been subject to disqualification, which would have precluded Mattison's prosecution in that forum. The law recognizes that when all are disqualified, none are disqualified. Evans v. Gore, 253 U.S. 245, 248, 40 S.Ct. 550, 551 (1920); Pilla v. American Bar Ass'n, 542 F.2d 56, 58 (8th Cir.1976). In addition, there is no evidence that the district court formed an opinion on the merits based on extrajudicial sources, Wheeler v. Southland Corp., 875 F.2d 1246, 1252 (6th Cir.1989), nor is there evidence of judicial bias or hostility in the record, Anderson v. Sheppard, 856 F.2d 741, 746 (6th Cir.1988). Thus, the district court did not abuse its discretion in denying the recusal motion.
 
 
 13
 Mattison next challenged the sentence imposed because it violated the United States Sentencing Guidelines. First, he argued that the district court erred in imposing a two-point upward departure for obstruction of justice pursuant to guideline section 3C1.1. U.S.S.G. § 3C1.1 (1990). The district court determined that his motion, filed on the morning trial was to commence, contained language similar to the language in the original pleading and was calculated to intimidate the court and, thus, obstructed justice. The district court's factual determination that the motion was calculated to intimidate the court was not clearly erroneous. 18 U.S.C. § 3742(e); United States v. Perez, 871 F.2d 45, 48 (6th Cir.), cert. denied, 492 U.S. 910 (1989). As the commentary to the guidelines illustrates, threatening participants in the judicial process is obstruction of justice. U.S.S.G. § 3C1.1, comment. (n. 3(a), (b) & (e)) (1990) (threatening co-defendant, witness, or juror).
 
 
 14
 Mattison also argued that because he satisfied his burden of proving acceptance of responsibility, he was entitled to a two-level reduction. U.S.S.G. § 3E1.1(a) (1990); United States v. Christoph, 904 F.2d 1036, 1040 (6th Cir.1990), cert. denied, 111 S.Ct. 713 (1991). In considering this position, the district court observed that Mattison only admitted the physical acts of the crime and persisted in issuing threatening messages to the district court. The guidelines recognize that a reduction for acceptance of responsibility is usually inconsistent with obstruction of justice. U.S.S.G. § 3E1.1, comment. (n. 4) (1990). Under these circumstances, and affording the district court's evaluation great weight because of its unique position to evaluate the defendant's acceptance of responsibility, the district court's determination was not clearly erroneous. U.S.S.G. § 3E1.1, comment. (n. 5) (1990); United States v. Lassiter, 929 F.2d 267, 270 (6th Cir.1991).
 
 
 15
 Moreover, Mattison asserted he was entitled to a four-level reduction in his base offense level pursuant to guideline section 2A6.1(b)(2), which provides that the base offense level for a threatening communication offense should be reduced if "the defendant's conduct involved a single instance evidencing little or no deliberation." U.S.S.G. § 2A6.1(b)(2) (1990). After an evidentiary hearing, the district court concluded that Mattison's pleading was the product of careful thought and premeditation, as demonstrated by Mattison's telephone conversation with the clerk of court's office, before he composed and mailed the pleading, to determine the identity of the judge to whom the case would be assigned. The district court's determination that Mattison's threatening course of conduct was deliberate is not clearly erroneous.
 
 
 16
 Nor did the district court err in increasing Mattison's base offense level by three pursuant to guideline section 3A1.2, which provides for an increase if the offense was motivated by the status of the target as an officer or employee enumerated in 18 U.S.C. section 1114. U.S.S.G. § 3A1.2(a). Section 1114 includes federal judicial officers. 18 U.S.C. § 1114 (Supp.1991). Because no specific judge was named in the pleading, Mattison urged that his language threatened an agency, i.e., the judiciary, rather than an individual judge. The district court rejected this argument and concluded that the sentencing guideline did not require the victim to be specifically named. The testimony at trial reflected that the recipients of the pleading thought it was addressed to an identifiable individual, i.e., that particular judge to whom the case would be assigned. Since the judge was one of three discernable judges sitting in the Middle District of Tennessee, and since the threat was obviously motivated by his status as a judge, the identity of Mattison's victim was sufficiently specific to support Judge Higgins determination that Mattison was subject to the upward departure.
 
 
 17
 Mattison also claimed that he was entitled to a reduction in the sentence due to his diminished capacity pursuant to 18 U.S.C. section 3553(b), which provides that a court may depart from the guidelines if "there exists an aggravating or mitigating circumstance of a kind, or to a degree," inadequately considered in the guidelines. 18 U.S.C. § 3553(b). The district court correctly computed Mattison's guideline range in accordance with the law and in conformance with the applicable guidelines. As the record disclosed, the district court was aware of its discretion to depart from the range and stated on the record its reasons for declining to exercise that discretion. Under those circumstances, the failure to depart is not cognizable on appeal under 18 U.S.C. section 3742(a). United States v. Davis, 919 F.2d 1181, 1187 (6th Cir.1990); United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989). Even were this issue appealable, the record amply supports the district court's determination that Mattison was ineligible for the departure because he understood his actions and needed to be incarcerated to protect the public. Thus, the district court did not abuse its discretion in refusing to depart from the guideline sentence.
 
 
 18
 Based on the foregoing reasons, Mattison's conviction and sentence are AFFIRMED.