**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4702**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JOSE ANGEL DE SANTIAGO BALLESTEROS,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:14-cr-00054-CCE-2)

———————

Submitted:  April 28, 2015          Decided:  May 20, 2015

———————

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Brian Michael Aus, BRIAN AUS, ATTORNEY AT LAW, Durham, North Carolina, for Appellant.  Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Angel de Santiago Ballesteros appeals his conviction and 240-month sentence imposed following his guilty plea to conspiracy to distribute more than five kilograms of cocaine hydrochloride, in violation of 21 U.S.C. § 846 (2012). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether (1) the district court plainly erred in failing to release Ballesteros from custody due to lack of jurisdiction, (2) trial counsel was ineffective on multiple grounds, and (3) the district court plainly erred in using the same interpreter to translate Ballesteros' and his codefendant's proceedings. Ballesteros has filed a pro se supplemental brief raising numerous claims. The Government has declined to file a response brief. For the reasons that follow, we affirm.

We review challenges to a court's jurisdiction de novo. United States v. Winfield, 665 F.3d 107, 109 (4th Cir. 2012). Ballesteros asserted at sentencing that the district court lacked authority to prosecute him because he is a free, sovereign person not subject to the jurisdiction of the federal courts. As the Seventh Circuit has recognized, however, this defense "has no conceivable validity in American law." United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990).

2

Rather, subject matter jurisdiction over criminal prosecutions is conferred by 18 U.S.C. § 3231 (2012). Because Ballesteros was unquestionably subject to the court's authority under that provision, his jurisdictional challenge lacks merit.

Both counsel and Ballesteros also raise various claims of ineffective assistance of trial counsel. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims generally are not addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit adequate development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because ineffective assistance does not conclusively appear in the record, these claims should be raised, if at all, in a § 2255 motion.

Counsel and Ballesteros also assert that the district court erred in using the same interpreter to translate the proceedings of both Ballesteros and his codefendant. Because Ballesteros did not raise this issue in the district court, our review is for plain error. United States v. Olano, 507 U.S. 725, 731 (1993); see Henderson v. United States, 133 S. Ct. 1121, 1126 (2013) (describing standard of review).

An interpreter in federal court "must be qualified and must give oath or affirmation to make a true translation." Fed. R.

3

Evid. 604. In addressing an interpreter's fitness, "the fundamental question is normally one of qualification, not of veracity or fidelity. In the absence of special circumstances, the latter qualities are assumed." United States v. Perez, 651 F.2d 268, 273 (5th Cir. Unit A Jul. 1981). Ballesteros identifies no authority, and we have found none, precluding the use of the same translator for codefendants. Rather, other courts have found, even in the context of multidefendant trials, that codefendants are not entitled to separate interpreters. See United States v. Johnson, 248 F.3d 655, 662-63 (7th Cir. 2001). Moreover, we find no support in the record for Ballesteros' assertions of prejudice. Thus, we find no error, plain or otherwise, on the basis of the interpreters used in Ballesteros' criminal proceedings.

Ballesteros' pro se brief asserts various additional claims, which we conclude, upon a thorough review of the record, entitle him to no relief. In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Ballesteros' conviction and sentence. This court requires that counsel inform Ballesteros, in writing, of the right to petition the Supreme Court of the United States for further review. If Ballesteros requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in

4

this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Ballesteros.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>