*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1903**

Leonard James Fisherman, Jr., petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed July 25, 2016
Affirmed
Rodenberg, Judge**

Itasca County District Court
File No. 31-CR-11-1755

Leonard J. Fisherman, Jr., Concord, New Hampshire (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Todd S. Webb, Itasca County Attorney, Grand Rapids, Minnesota (for respondent)

Considered and decided by Rodenberg, Presiding Judge; Peterson, Judge; and Bjorkman, Judge.

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

In this appeal from the district court's denial of his two petitions for postconviction relief, appellant Leonard James Fisherman, Jr., challenges the district court's conclusion that he failed to raise any non-*Knaffla*-barred claims, and argues that

the district court judge should either have recused himself or been removed because of bias. We affirm.

**FACTS**

Appellant directly appealed from his criminal-sexual-conduct conviction,[1] arguing insufficiency of the evidence, improper evidentiary rulings, ineffective assistance of trial counsel, and prosecutorial misconduct. *See State v. Fisherman*, No. A12-1312, 2013 WL 4504305 (Minn. App. Aug. 26, 2013), *review denied* (Minn. Nov. 12, 2013) (*Fisherman I*). We affirmed appellant's conviction. *Id.* at *1.

In March 2015, appellant filed documents in district court styled as "Petitioner's Demand for Discoveries & Exculpatory Evidence in the Interest of Justice" and "Notice to File Petition for Postconviction Relief." The latter included the following language: "PLEASE TAKE NOTICE that [appellant] hereby Petition[s] for Postconviction Relief In The Interest of Just[] to the District Court demanding for Immediate release from confinement."

Interpreting these documents as a petition for postconviction relief, the district court denied relief as not being supported "by any specific factual allegations." Appellant objected to the denial of relief, arguing that the district court had erroneously construed his filings as a petition for postconviction relief. One month later, appellant filed a second petition for postconviction relief and moved that the district court judge

---

[1] Appellant was found guilty of three counts, but only one conviction was entered. The facts of this case are set forth in our earlier opinion, and we do not repeat them here.

2

recuse himself because of bias. Appellant made no request of the chief judge of the judicial district seeking the removal of the presiding judge.

In September 2015, the postconviction court issued an order denying both of appellant's requests. The postconviction court denied appellant's recusal request as "without any basis whatsoever," and determined that the issues raised in appellant's petition were *Knaffla*-barred and without merit. *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976).

A few days later, appellant mistakenly filed a motion with the former judicial district chief judge, seeking what appellant identified as "recusal" of the presiding judge. After receiving notice of this error, appellant requested that the former chief judge forward his motion to the correct person. In October 2015, the then-current chief judge summarily assigned the recusal request to the presiding district court judge, who had already denied the request.

This appeal followed.

## D E C I S I O N

### I. Appellant's requests for extension of time and for appointment of counsel were appropriately denied.

In an addendum to his appellate brief, appellant requests additional time to file his appeal and for the appointment of an appellate attorney to represent him. Appellant has timely appealed. There is no reason to extend his time to appeal.

Appellant fails to cite any legal authority that would permit this court to require the Chief Appellate Public Defender to represent appellant in this postconviction appeal.

3

*See* Minn. Stat. § 611.14, subd. 2 (2014) (providing that a public defender shall be appointed for "a person . . . pursuing a postconviction proceeding *and who has not already had a direct appeal of the conviction*") (emphasis added); Minn. Stat. § 611.18 (2014) ("For . . . a person pursuing a postconviction proceeding *and who has not already had a direct appeal of the conviction* . . . the chief appellate public defender shall be appointed.") (emphasis added); Minn. Stat. § 611.25, subd. 1(a)(2) (2014) ("The chief appellate public defender shall represent, without charge: . . . (2) a person convicted of a felony . . . who is pursuing a postconviction proceeding *and who has not already had a direct appeal of the conviction*.") (emphasis added); Minn. Stat. § 590.05 (2014) (providing that in postconviction proceedings "[t]he state public defender *shall* represent [a] person . . . *[who] has not already had a direct appeal of the conviction* . . . and *may* represent . . . all other persons pursuing a postconviction remedy") (emphasis added). Appellant's request for appointed counsel in this appeal is denied.

## II.    The district court did not err in treating appellant's March 2015 filings as his first petition for postconviction relief.

Appellant argues that the district court erred in construing the March 2015 filings as his first petition for postconviction relief. A postconviction court "may summarily deny a second or successive petition for similar relief on behalf of the same petitioner." Minn. Stat. § 590.04, subd. 3 (2014). Appellant appears to argue that the denial of his later petition resulted from this claimed erroneous construction of the earlier filing.

Here, the district court considered the merits of *both* appellant's March 2015 *and* his August 2015 petitions. It twice determined that appellant's claims are *Knaffla*-barred

4

and lacking merit. Nothing in the record indicates that the district court summarily denied appellant's second postconviction petition because of the March 2015 filings. The district court did not err by treating appellant's March 2015 filings as his first petition for postconviction relief. That is what the filings appear to have been. And, in any event, the district court denied the second postconviction petition on its merits.

### III. Appellant's claims are *Knaffla*-barred and are otherwise meritless.

We review the denial of a petition for postconviction relief for abuse of discretion. *Colbert v. State*, 870 N.W.2d 616, 621 (Minn. 2015). "We review legal issues de novo, but we review factual findings under the clearly erroneous standard." *Id.*

"A petition for postconviction relief after a direct appeal has been completed may not be based on grounds that could have been raised on direct appeal of the conviction or sentence." Minn. Stat. § 590.01, subd. 1 (2014).

#### A. *Knaffla-barred claims*

Appellant raises various arguments concerning the sufficiency of the evidence at trial to support his conviction, challenges the district court's evidentiary rulings, and claims that he was denied his right to a fair trial. But, as appellant himself acknowledges in his addendum, we previously addressed all of these claims in appellant's direct appeal. *See Fisherman I*, 2013 WL 4504305, at *3-7 (addressing all of the aforementioned arguments). Appellant's postconviction arguments concerning these same issues are procedurally barred. *Colbert*, 870 N.W.2d at 626 (stating that under *Knaffla* rule, "once a direct appeal has been taken, all claims raised in the direct appeal and all claims that were

5

known or should have been known but were not raised in the direct appeal are procedurally barred" (emphasis omitted)).  The district court got it exactly right.

B.     *"Sovereign citizen"*

Appellant argues that he is a "sovereign citizen," exempt from the laws of Minnesota, and that the district court therefore lacked jurisdiction.  Appellant's "sovereign citizen" jurisdictional defense has "no conceivable validity in American law." *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990).  The district court had jurisdiction to try appellant for the charged offenses occurring in Minnesota.  *See* Minn. Stat. § 609.025(1) (2014).

C.     *Minnesota Department of Corrections (DOC) claims*

Appellant complains at length in his briefing that DOC officials interfered with his attempts at postconviction relief.  But appellant filed two documents that the district court properly considered to be postconviction petitions.  Appellant fails to identify how the claimed DOC interference entitles him to postconviction relief.  To the extent that appellant claims other wrongdoing by DOC officials, such claims fall outside of the Postconviction Remedy Act, which limits available relief to claims concerning "the conviction obtained or the sentence or other disposition made."  Minn. Stat. § 590.01, subd. 1(1).  Nothing in the act provides the district court, or this court on appeal, with authority to consider claims unrelated to the conviction or sentence.  *See id.*

D.     *Ineffective assistance of appellate counsel*

Appellant argues that his appellate counsel on direct appeal was ineffective for failing to raise various claims and for making an incorrect statement in a petition for

further review to the Minnesota Supreme Court. However, appellate counsel need not have raised claims that appellate counsel legitimately concluded would not prevail. *See Williams v. State*, 764 N.W.2d 21, 31 (Minn. 2009) (explaining that "appellate counsel is not required to raise claims on direct appeal that counsel could have legitimately concluded would not prevail"); *Case v. State*, 364 N.W.2d 797, 800 (Minn. 1985) (stating that "counsel has no duty to include claims which would detract from other more meritorious issues"). Appellate counsel could have concluded, as we did in appellant's direct appeal, that appellant's various pro se claims lacked merit. *Id.* at *5-7. Moreover, many of the issues appellant now raises *were* raised by appellate counsel on direct appeal. *See Fisherman I*, 2013 WL 4504305, at *2-5. Our opinion considered both the arguments of counsel and appellant's pro se arguments. *Id.* at *2-7. Finally, careful review of appellant's petition for further review shows that the allegedly prejudicial statement therein was a harmless typographical error. It had no bearing on the legal arguments contained in the petition. The postconviction court acted within its discretion in denying appellant's ineffective-assistance-of-appellate-counsel claim.

## IV.   The postconviction court did not err by declining appellant's recusal request.

Appellant argues that the postconviction court erred in denying his petition for postconviction relief before the chief judge of the district had ruled on appellant's request that a different judge be assigned to his case.[2] Appellant cites no legal authority

---

[2] Appellant's request was entitled "Request for Recusal to Remove [the District Court Judge]." It is unclear whether appellant was requesting that the presiding district judge recuse himself, if appellant sought his removal, or both. *See* Minn. R. Crim. P. 26.03, subd. 14(3), (4), (6) (providing the grounds for requesting recusal or removal). Given

7

supporting his claims. *See State v. Sontoya*, 788 N.W.2d 868, 876 (Minn. 2010) (declining to address a pro se claim on the merits where the defendant cited neither the record nor legal authority for support). Moreover, appellant did not serve the chief judge of the district with any request for assignment of a different judge until *after* the postconviction court issued its order. Even then, appellant served the request on the former chief judge, who forwarded it to his successor. It is apparent from our careful review of the record that neither removal nor recusal was required here. Appellant has neither demonstrated bias by the judge who decided his case, nor were his requests for recusal and removal timely. *See State v. Azure*, 621 N.W.2d 721, 724-25 (Minn. 2001) (holding that a defendant waived his right to remove the assigned district court judge by failing to bring his motion for removal "in a timely manner").

We see no error in the postconviction court's denial of appellant's petition for postconviction relief.

**Affirmed.**

---

appellant's pro se status, we broadly construe his pleadings as encompassing both requests. *See Fitzgerald v. Fitzgerald*, 629 N.W.2d 115, 119 (Minn. App. 2001) ("Although some accommodations may be made for pro se litigants, this court has repeatedly emphasized that pro se litigants are generally held to the same standards as attorneys and must comply with court rules.").