[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13648
Non-Argument Calendar
_____

D.C. Docket No. 6:19-cv-01369-GKS-LRH


DOUGLAS MARSHALL JACKSON,

Plaintiff-Appellant,

versus

MARK INCH,
d.b.a. Trustee and Secretary Corporate Officer for Fla. Dept. of Corrections (FDOC) Inc.,
J. BALDRIDGE,
d.b.a. Trustee and Warden Corporate Officer for Fla. Dept. of Corrections (FDOC) Inc.,
G. L. WOODARD,
d.b.a. Trustee and Asst. Warden-Programs Corporate Officer for Fla. Dept. of Corrections (FDOC) Inc.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 14, 2020)

Before NEWSOM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Douglas Marshall Jackson, a state prisoner proceeding *pro se*, appeals the

district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 civil rights complaint

and subsequent denial of his motion for a temporary restraining order and

preliminary injunction. First, he argues that the district court erred by not serving

him with the order dismissing his complaint. Second, he argues that the district

court erred when it *sua sponte* dismissed his complaint by ignoring his "legal

defenses" and not referring to him by his chosen name. Finally, he argues that the

court erred in denying his motion for a temporary restraining order and preliminary

injunction because he stated a valid claim under the Religious Land Use and

Institutionalized Persons Act.[1]

**I**

---

[1] Jackson filed several other motions, including a petition to enjoin the defendants, motions to serve the defendants with process and to compel injunctive relief, and a motion for reconsideration of the denial of his petition. Because he raises no arguments on appeal regarding the denial of these motions, we hold that he has abandoned any contentions related to them. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

2

We have an obligation to satisfy ourselves of our own jurisdiction and may raise the issue *sua sponte*. *AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1360 (11th Cir. 2007). We review jurisdictional issues *de novo*. *Id.*

Under Federal Rule of Appellate Procedure 3(c)(1)(B), the appealing party must designate in his notice of appeal the judgment or order being appealed. The order designated must be one in existence at the time that the notice of appeal is filed, not one that is expected or contemplated at the time. *Bogle v. Orange Cty. Bd. of Cty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998). Absent an amended notice of appeal, we lack jurisdiction to review an order issued after the notice of appeal was filed. *See id.*

We lack jurisdiction to review Jackson's contention that the district court erred in not serving him with the order dismissing his complaint, because he raised this issue for the first time in a motion that was denied *after* he filed his notices of appeal, and he failed to file an amended notice of appeal following the denial.

**II**

As noted, Jackson also argues on appeal that the district court erred when it *sua sponte* dismissed his complaint by ignoring his "legal defenses" and not referring to him by his chosen name. In the district court, Jackson raised these arguments in a "petition for rehearing against case dismissal," which he filed after

3

he had already filed his initial notice of appeal.  He then appears to have raised the dismissal of his complaint in an amended notice of appeal.  That amended notice, however, was filed *before* the district court issued its order denying his petition for rehearing.  After that denial, Jackson never filed a second amended notice of appeal challenging the denial of his petition for rehearing.  Therefore, the order rejecting Jackson's contention post-dated Jackson's notice of appeal, and Jackson never filed an amended notice.  For the same reason that we lack jurisdiction to consider Jackson's service-related contention, we lack jurisdiction to consider any arguments targeting the district court's denial of his petition for rehearing.

To be charitable, there appears to have been some confusion about the import of Jackson's various filings, and it seems that both the district court and Jackson might have been under the assumption that a petition for rehearing of the dismissal of his complaint had been ruled on *before* the filing of his second amended complaint.  Even giving Jackson the benefit of the procedural doubt, though, the bottom line remains the same.  Assuming, *arguendo*, that Jackson's claims about the disregard for his legal defenses and his chosen name are validly before us, they fail on the merits as they are all based on what we have called "frivolous" sovereign-citizen legal theories.  *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting that "sovereign citizens" are a group of people "who believe they are not subject to the jurisdiction of the courts and who

4

frequently deny that they are [parties] in the action, instead referring to themselves as third-party intervenors" and that courts have repeatedly and "summarily rejected their legal theories as frivolous"); *see also United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (noting that sovereign citizen legal theories have "no conceivable validity in American law").

## III

"We review the district court's denial of a motion for a temporary restraining order[] [or] preliminary injunction . . . only for abuse of discretion." *Long v. Sec'y, Dep't of Corr.*, 924 F.3d 1171, 1175 (11th Cir. 2019).

We have jurisdiction over interlocutory orders denying a preliminary injunction.  28 U.S.C. § 1292(a)(1); *AT&T Broadband v. Tech Commc'ns, Inc.*, 381 F.3d 1309, 1314 (11th Cir. 2004).  We generally lack jurisdiction, however, to review the denial of a temporary restraining order.  *AT&T Broadband*, 381 F.3d at 1314.  An order denying a temporary restraining order may be appealable as the denial of a preliminary injunction if "(1) the duration of the relief sought . . . exceeds that allowed by a" temporary restraining order—ten days; (2) the notice "suggest[s] that the relief sought was a preliminary injunction[;] and (3) the requested relief seeks to change the status quo."  *Id.*  Jackson's motion didn't specify a duration for its requested injunctive relief, but it appears (again, reading the filing charitably) that he is requesting *permanent* relief, rather than the short-

5

term relief typically contemplated by a temporary restraining order.  It also appears that he is requesting to change the status quo, and the motion lacks the "inherent characteristic[s] of a temporary restraining order." *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).  We will therefore exercise jurisdiction over the denial of Jackson's temporary restraining order. *See AT&T Broadband*, 381 F.3d at 1314–15.

Even so, the district court did not abuse its discretion in denying Jackson's motion for a temporary restraining order and preliminary injunction because his complaint had already been dismissed at the time of filing, thereby mooting the motions. *See Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 794 F.3d 1327, 1330 n.3 (11th Cir. 2015) (noting that a "decision that [a] complaint fails to state a claim for relief moots any issues regarding a stay or a preliminary injunction"). Accordingly, we affirm.

**AFFIRMED**