2022 IL App (1st) 211611-U

No. 1-21-1611

Order filed November 10, 2022

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| MARCUS NORMAN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| | ) | |
| v. | ) | No. 21 M1 625316 |
| | ) | |
| | ) | |
| CITY OF CHICAGO DEPARTMENT OF | ) | |
| ADMINISTRATIVE HEARINGS and THE CITY OF | ) | |
| CHICAGO, | ) | Honorable |
| | ) | Leonard Murray, |
| Defendants-Appellees. | ) | Judge, presiding |

_____

JUSTICE DELORT delivered the judgment of the court.
Justices Cunningham and Mitchell concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the circuit court's judgment affirming the final decision of the Department of Administrative Hearings that upheld plaintiff's fine for an expired vehicle registration.

¶ 2    Plaintiff Marcus Norman appeals from an order of the circuit court affirming the final decision of the City of Chicago Department of Administrative Hearings (DOAH) that upheld a

fine from the City of Chicago Department of Finance (DOF) for having an expired vehicle registration. We affirm.

¶ 3     The record on appeal does not contain a transcript of either the administrative hearing or the circuit court proceedings. The following facts appear in the common law record, which contains Norman's complaint for administrative review; his specification of errors, the City's administrative record, including records related to the DOF fine and the DOAH final decision; and the circuit court's orders.

¶ 4     On May 17, 2021, the DOF issued Norman a notice for violation of section 9-76-160(b) of the Chicago Municipal Code (Chicago Municipal Code § 9-76-160(b) (amended Apr. 21, 2021)) for having an "expired plate or temporary registration," with a fine of $60. Attached to the violation notice, which is included in the record on appeal, are two photographs dated May 16, 2021, at 7:41 a.m., depicting Norman's car with a license plate and a registration sticker with an expiration date of June 2020.

¶ 5     On May 21, 2021, Norman requested a hearing with DOAH and submitted documents including the violation notice with a handwritten notation, "no contract void." He also provided a handwritten note that listed the violation number and stated "void no jurisdiction no contract UCC 1-308," and a handwritten letter addressed to the Clerk of the City of Chicago asserting that he was not "engaged in commerce" and was traveling in his "private automobile" at the time of the violation. Further, he asserted that he did not have any "valid contracts" with the City of Chicago, nor did he "consent to be subject to City of Chicago laws, statu[t]es, codes, ordinances, policy, or any corporation contract." He cited section 1-308 of the Uniform Commercial Code (810 ILCS 5/1-308 (West 2020)) and concluded, "do not ticket my automobiles. I am exempt."

¶ 6    On May 27, 2021, after reviewing the evidence submitted, an administrative law judge for the DOAH entered a final decision finding that Norman did not raise a permissible defense to the violation of the ordinance and, thus, was responsible for the fine.

¶ 7    Norman filed a complaint for administrative review in the circuit court of Cook County. Defendants, the City of Chicago and DOAH, filed their answer, consisting of the administrative record.

¶ 8    On November 2, 2021, Norman filed a specification of errors asserting that he was not a "commercial driver, broker, or carrier," the "D.O.T. Codes" did not apply to him, and he did not "consent" to the administrative procedures "forced upon" him. He attached several handwritten documents, citing federal case law for general principles including an individual's right to travel upon a highway.

¶ 9    On November 16, 2021, the circuit court affirmed the final decision of the DOAH in a form order. The court found that "[t]he Findings, Decision and Order entered *** will stand and is a debt due and owing the City of Chicago."

¶ 10   On appeal, Norman contends, among other things, that the Chicago Municipal Code provision at issue applies to commercial "motor carriers," not his personal use of his vehicle and, further, that he "recinded [*sic*] [his] license, plates and registration" because, despite being a Chicago resident, he was not subject to Chicago's "political boundaries." Additionally, he argues the court based its judgment on "hearsay" and presented "no injured party." He asserts that he

was "jailed" and his property was "stolen under color of law." He asks that this court reverse the circuit court's judgment and compensate him for "property damage."[1]

¶ 11    First, we note that Norman's brief fails to comply with the requirements of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which governs the content of appellate briefs. For example, his brief does not contain a statement of facts necessary to understanding the case, stated accurately and fairly without argument or comment. See Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). Nor does it contain an argument section containing citations to the record or to legal authority supporting his claims without lengthy recitation of the evidence. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). His brief instead consists of lengthy allegations attacking the fairness of the court, recitation of irrelevant statutes, regulations, federal rules, and case law, and general assertions as to the inapplicability of the Chicago Municipal Code.

¶ 12    A reviewing court is entitled to have briefs submitted that present an organized and coherent legal argument in accordance with the supreme court rules. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). A party's status as a self-represented litigant does not relieve him of the obligation to comply with the applicable appellate practice rules. *Fryzel v. Miller*, 2014 IL App (1st) 120597, ¶ 26. The supreme court rules are not suggestions, and we may strike a brief or dismiss an appeal where the appellant's brief does not comply with Rule 341's requirements. *Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 22. In this case, however, we have the benefit of the City's cogent brief, and therefore decline to dismiss the appeal on this basis. See *North Community Bank v. 17011 South Park Ave., LLC*, 2015 IL App

---

[1] Plaintiff's notice of appeal improperly identifies the circuit court judge and the Department of Finance (DOF) of the City of Chicago as defendants.

(1st) 133672, ¶ 14 (reviewing merits of the appeal despite appellant's numerous violations of Supreme Court Rule 341(h)).

¶ 13 Under the Chicago Municipal Code, a final decision entered by the DOAH regarding a code violation is subject to judicial review under the Illinois Administrative Review Law. Chicago Municipal Code § 2-14-102 (added Apr. 29, 1998). Under the Administrative Review Law, "[t]he findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct." 735 ILCS 5/3-110 (West 2020). We review questions of law *de novo*. *Marconi v. Chicago Heights Police Pension Board*, 225 Ill. 2d 497, 532 (2006). We also interpret municipal ordinances *de novo* using the general rules of statutory interpretation and construction. *Express Valet, Inc. v. City of Chicago*, 373 Ill. App. 3d 838, 847-50 (2007).

¶ 14 Here, Norman does not contest that he received a violation notice for an expired registration sticker, nor that his registration had been expired for almost a year. Instead, he primarily argues that the Chicago Municipal Code provision requiring a vehicle's registration does not apply to him because he is not a commercial motor carrier. Plaintiff also alleges that he is generally exempt from ordinances requiring a vehicle to be registered.

¶ 15 Under the Chicago Municipal Code, "[e]very vehicle in the City subject to the registration plates requirements of the Illinois Vehicle Code shall bear registration plates in the manner required by that Code." Chicago Municipal Code § 9-76-160(a) (amended Apr. 21, 2021). A violation exists if the vehicle does not clearly display proper registration for the current period. Chicago Municipal Code § 9-76-160(b) (amended Apr. 21, 2021). Under the Illinois Vehicle Code, "[e]very motor vehicle *** when driven or moved upon a highway shall be

subject to" registration, except under enumerated circumstances. 625 ILCS 5/3-402(A) (West 2020).

¶ 16    A notice of violation "shall be prima facie evidence of the correctness of the facts specified therein." Chicago Municipal Code § 9-100-070(c) (amended Oct. 28, 2015). The Chicago Municipal Code outlines several grounds for contesting a violation, including, among other things, that the cited individual did not own the vehicle, the vehicle's registration plates were stolen at the time of the violation, or that the violation did not exist at the time the notice was issued. Chicago Municipal Code § 9-100-060(a)(1), (2), (6) (amended Nov. 21, 2017).

¶ 17    Here, the notice specifying that Norman violated the registration requirement, including the photographs showing the expired registration sticker, was *prima facie* evidence of the violation. See Chicago Municipal Code § 9-100-070(c) (amended Oct. 28, 2015). The record contains no evidence that Norman presented a proper ground for contesting the violation. Further, his primary asserted "defense" to the violation, that he was not subject to the Chicago Municipal Code because he was not a commercial carrier or due to some other unspecified status, is *not* an exemption to the registration requirement. See 625 ILCS 5/3-402(A) (West 2020) (listing exemptions). Accordingly, the DOAH correctly held that plaintiff was responsible for the assessed fine.

¶ 18    In so holding, we note that Norman's defenses are clearly taken straight from the playbook of so-called "sovereign citizens," who are persons who clog the court system by espousing nonsensical legal theories. See generally *Parkway Bank and Trust Company v. Korzen*, 2013 IL App (1st) 130380 (imposing a $5,000 sanction against defendants who asserted "sovereign citizen" theories). These theories have "no conceivable validity in American law."

*United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990). To provide just a few examples here: Norman relies on the Uniform Commercial Code, a statute which has absolutely nothing to do with vehicle registration but which is often cited by sovereign citizens to no avail. He also claims to be a "flesh and blood living man" who "did not consent" to the City of Chicago, in which he resides, using its plenary authority to tax and regulate motor vehicles. See James Erickson Evans, The "Flesh and Blood" Defense, 53 Wm. & Mary L. Rev. 1361, 1363 (2012). And his argument that the City can only require licenses on commercial vehicles is a well-recognized, and utterly discredited, sovereign citizen theme. See generally Southern Poverty Law Center, Sovereign Citizens Movement, available at https://www.splcenter.org/fighting-hate/extremist-files/ideology/sovereign-citizens-movement (last visited October 31, 2022).

¶ 19    We have reviewed Norman's other contentions of error and find them to be without merit. We affirm the judgment of the circuit court of Cook County.

¶ 20    Affirmed.