******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# STATE OF CONNECTICUT *v.* HASSAN FOSTER
## (AC 41235)

Prescott, Cradle and Suarez, Js.

*Syllabus*

Convicted, after a trial to the court, of the crimes of assault in the first degree and criminal possession of a firearm in connection with a shooting, the defendant appealed to this court. He claimed that the trial court lacked subject matter jurisdiction over his case and personal jurisdiction over him. *Held* that the defendant's challenges to the trial court's jurisdiction were without merit, as his assertions lacked an arguable legal basis in that they were sovereign citizen claims that were based on the argument that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate his behavior, a defense that has been uniformly held to have no conceivable validity in American law.

Submitted on briefs February 11—officially released April 6, 2021

*Procedural History*

Substitute information charging the defendant with the crimes of assault in the first degree and criminal possession of a firearm, brought to the Superior Court in the judicial district of Waterbury and tried to the court, *Harmon, J.*; judgment of guilty, from which the defendant appealed to this court. *Affirmed.*

*Hassan Foster*, self-represented, the appellant (defendant), filed a brief.

*Maureen Platt*, state's attorney, *Ana L. McMonigle*, special deputy assistant state's attorney, and *John J. Davenport*, senior assistant state's attorney, filed a brief for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Hassan Foster, appeals from the judgment of conviction, rendered after a court trial, of assault in the first degree in violation of General Statutes § 53a-59 (a) (1) and criminal possession of a firearm in violation of General Statutes § 53a-217 (a) (1). He claims that the trial court lacked subject matter jurisdiction over his case and personal jurisdiction over him. We affirm the judgment of the trial court.

On April 8, 2015, the defendant was arrested by warrant, and appeared before the court for arraignment, in connection with a shooting that occurred in Waterbury on March 27, 2015. On March 6, 2017, by way of a substitute information, he was charged with assault in the first degree and criminal possession of a firearm. At his request, the defendant was permitted to represent himself at his criminal trial with the assistance of appointed standby counsel. On April 12, 2017, the court found the defendant guilty of both crimes.

After the court found the defendant guilty, but before sentencing, the defendant filed several affidavits and three motions challenging the court's jurisdiction. He alleged, inter alia, that the state "fail[ed] to present a cause of action or crime" and failed to establish that the United States constitution, as well as federal and state law, apply to him in light of his contention that he is "an American national and a common man of the sovereign people."

On September 29, 2017, at the defendant's sentencing hearing, the court denied the defendant's motions and sentenced him to a total effective term of fifteen years of incarceration, execution suspended after ten years, followed by five years of probation. This appeal followed.

On appeal, the defendant claims that the trial court lacked subject matter jurisdiction over his case and personal jurisdiction over him, reasserting the grounds that he argued in support of his jurisdictional challenges before the trial court. The defendant's challenges to the trial court's jurisdiction are "sovereign citizen" claims, which are based on the argument that "the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate [the defendant's] behavior." *United States* v. *Ulloa*, 511 Fed. Appx. 105, 106 n.1 (2d Cir. 2013). It has been uniformly held that "[this] defense has no conceivable validity in American law." (Internal quotation marks omitted.) *Johnson* v. *Raffy's Café I, LLC*, 173 Conn. App. 193, 201, 163 A.3d 672 (2017), citing *United States* v. *Jonassen*, 759 F.3d 653, 657 n.2 (7th Cir. 2014), cert. denied, 577 U.S. 864, 136 S. Ct. 152, 193 L. Ed. 2d 114 (2015). The claims asserted by the defendant lack an arguable legal basis. Accordingly, the defendant's challenges to the trial court's subject matter and personal jurisdiction are

without merit.

The judgment is affirmed.

———————————————