# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-1320
_____

United States of America

*Plaintiff - Appellee*

v.

Denny R. Hardin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: October 4, 2012
Filed: October 12, 2012
[Unpublished]

_____

Before LOKEN, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

After a bench trial, Denny Hardin was convicted of multiple counts of producing fictitious financial obligations, mail fraud affecting financial institutions,

and mail fraud, see 18 U.S.C. §§ 514, 1341, and 2. The District Court[1] calculated a Guidelines imprisonment range of 324 to 405 months, but the court varied downward and imposed concurrent sentences of 120 months in prison and 3 years of supervised release on each count. On appeal, Hardin's counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), and Hardin has filed a pro se brief. For the reasons that follow, we affirm.

We first conclude that the evidence, viewed in the light most favorable to the government, was sufficient. See United States v. White, 506 F.3d 635, 641 (8th Cir. 2007) (stating standard of review); United States v. Spears, 454 F.3d 830, 832 (8th Cir. 2006) (noting that credibility issues must be resolved in favor of the verdict). Witness testimony and documentary evidence established that (1) Hardin produced fictitious financial instruments that he called "bonded promissory notes" and (2) Hardin claimed that these notes had monetary value to discharge debt and were authorized by the United States Department of Treasury. Hardin typically sold the bogus notes for a fee and then mailed them to financial institutions on behalf of the purchaser with the stated purpose of extinguishing that purchaser's debt, including mortgage debt. Hardin continued this course of action even after he was advised about the illegality of his conduct. See 18 U.S.C. § 514(a) (producing fictitious obligations with intent to defraud), § 1341 (using mail in a scheme to defraud).

At sentencing, after additional evidence was introduced to show that Hardin sold the fictitious instruments to over 50 customers and attempted to extinguish over $100 million worth of debt, the District Court varied well below the calculated Guidelines range and imposed a 120-month prison term. Upon careful review, we conclude that the District Court committed no procedural error and that Hardin's sentence is not unreasonable. See United States v. Feemster, 572 F.3d 455, 461 (8th

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

Cir. 2009) (en banc) (holding that in reviewing sentences, appellate court applies deferential abuse-of-discretion standard, first ensuring that district court committed no significant procedural error and then considering the substantive reasonableness of the sentence taking into account the totality of the circumstances).

We reject as meritless all of Hardin's remaining arguments, many of which directly or indirectly involve challenges to the District Court's jurisdiction. Cf. United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing defendant's proposed "sovereign citizen" defense as having "no conceivable validity in American law"); United States v. Hart, 701 F.2d 749, 750 (8th Cir. 1983) (per curiam) (characterizing as frivolous an appeal in tax case challenging government's jurisdiction over "sovereign citizen").

Finally, having reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgment, and we grant counsel leave to withdraw.

_____