United States v. Ulloa

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of February, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                          **Chief Judge**,
              AMALYA L. KEARSE,
              SUSAN L. CARNEY,
                          **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
          **Appellee**,

          **-v.-**                                                  11-5368

RICHARD ENRIQUE ULLOA,
          **Defendant-Appellant**,
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                    MOLLY CORBETT, Federal Public
                                  Defender Office, Albany, New
                                  York, for Lisa A. Peebles,
                                  Acting Federal Public Defender.

FOR APPELLEES:                    RAJIT S. DOSANJH (Richard D.
                                  Belliss, on the brief), for

1

Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant-Appellant Richard Ulloa appeals from a conviction and sentence imposed by the United States District Court for the Northern District of New York (McAvoy, <u>J.</u>).  Ulloa, an adherent of the "sovereign citizens" movement,[1] conducted a scheme chiefly involving baseless liens and other fraudulent filings and documents demanding money from his numerous victims.  The jury convicted Ulloa of seven counts of mail fraud under 18 U.S.C. §§ 1341 and 1349.  He was sentenced to 60 months' imprisonment on each count, to run concurrently.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1.  Ulloa argues that the government lacked sufficient evidence of his intent to deceive.  A defendant challenging the sufficiency of the evidence "bears a heavy burden." <u>United States v. Caracappa</u>, 614 F.3d 30, 43 (2d Cir. 2010). We "must credit every inference that could have been drawn in the government's favor, and affirm the conviction so long as, from the inferences reasonably drawn, the jury might fairly have concluded guilt beyond a reasonable doubt." <u>United States v. Reifler</u>, 446 F.3d 65, 94 (2d Cir. 2006) (internal citations omitted).

---

[1] The sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior.  The FBI has labeled the sovereign citizens a domestic terrorist group.  <u>See</u> "Sovereign Citizens A Growing Domestic Threat to Law Enforcement," FBI Law Enforcement Bulletin (Sept. 2011), http://www.fbi.g ov/stats-services/publications/law-enforcement-bulletin/september-2011/sovereign-citizens.

Conviction under the mail fraud statute, 18 U.S.C. § 1341, requires the government to prove "(1) a scheme to defraud victims of (2) money or property, through the (3) use of the mails." United States v. Walker, 191 F.3d 326, 334 (2d Cir. 1999). Ulloa contends that his conduct was "open and frank" rather than deceptive, and that "[h]e believed that he had been wronged and candidly sought recompense for the injuries he suffered," and thus lacked the requisite intent. Appellant Br. 18. But the government put forth several examples of Ulloa's bad intent, including a threat (acted upon) to harass a police officer, made during a routine traffic stop, a statement to FBI agents that his intent was revenge, and emails to credit ratings agencies making them aware of the liens.

2. Ulloa contends that the government was required to prove that the person deceived by the scheme was the same person harmed by the scheme, and that the requisite showing was not made because his victims were well aware that the liens and other documents were fraudulent. This argument misconstrues the elements of the offense. With respect to the scheme-to-defraud element, "the government is not required to show that the intended victim was actually defrauded"; it is sufficient to show "that the defendant[ ] contemplated some actual harm or injury." United States v. Wallach, 935 F.2d 445, 461 (2d Cir. 1991). Because the evidence strongly suggests that Ulloa contemplated actual harm or injury, his claim is meritless.

3. Ulloa challenges the procedural reasonableness of his sentence. The district court decided that a calculation of the victims' actual loss (roughly $63,000) was a more appropriate measure than the intended loss (approximately $6.75 billion). The result was an offense level of 16, and the Guidelines range was 21 to 27 months.[2] The court, however, determined that offense level 16 was inadequate given the extent of the misconduct and increased the offense level to 25, resulting in a Guidelines range of 57 to 71 months. The court then sentenced Ulloa to 60 months' imprisonment on each count, to be served concurrently.

Ulloa challenges this sentence on the ground that the court's statement of reasons was based on Ulloa's potential

---

[2] Had the court used the intended loss figure, Ulloa's Guidelines range would have been 292 to 365 months.

to re-offend, not his actual conduct. However, at sentencing and in its statement of reasons, the district court did not intimate that its upward departure was based on Ulloa's likely recidivism, but rather on the fact that the offense level substantially understated the seriousness of the offense. This was not error. <u>See</u> U.S.S.G. § 2B1.1 cmt. n.19(A) (2012).

Ulloa also contends that the court's sentence punished him for his involvement in a political movement and therefore infringed his First Amendment rights. However, the First Amendment "'does not erect a <u>per se</u> barrier'" to a sentencing court's admission of evidence regarding the defendant's beliefs, which may be relevant, <u>e.g.</u>, to show motive, to examine an aggravating factor, to illustrate future dangerousness, or to rebut mitigating evidence. <u>United States v. Kane</u>, 452 F.3d 140, 142-43 (2d Cir. 2006) (per curiam) (quoting <u>Dawson v. Delaware</u>, 503 U.S. 159, 165 (1992)). Ulloa's involvement in the sovereign citizens was considered to show motive (his desire to punish anyone who crossed him) and to rebut mitigating evidence (Ulloa's claim that he was delusional), both permissible considerations.

For the foregoing reasons, and finding no merit in Ulloa's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK