IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | |
|---|---|
| STEVENS COUNTY, a political subdivision and duly organized and existing County of the State of Washington, | No. 39350-0-III |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| EACH AND EVERY LOT, TRACT, PART, PARCEL AND PORTION OF THE VARIOUS PARCELS OF REAL PROPERTY DESCRIBED IN CERTIFICATE OF DELINQUENCY FOR DELINQUENT TAX FROM 2019 and OTHER YEARS; AND ALL PERSONS KNOWN OR UNKNOWN OR UNKNOWN HAVING OR CLAIMING TO HAVE ANY RIGHT, TITLE, HOMESTEAD, ESTATE, LIEN OR INTEREST THEREIN, HEREINAFTER DESCRIBED IN THE FOLLOWING LIST | |
| Appellant | |

FEARING, J. — Michael Nichols defends a real property tax foreclosure on his property with predictable sovereign citizen arguments. We reject the arguments and affirm the superior court's order of sale in favor of Stevens County on his property. We grant Stevens County an award of reasonable attorney fees and costs for responding to a frivolous appeal.

FACTS

Michael Nichols failed to pay taxes on real property he owns in Stevens County.

PROCEDURE

On September 9, 2022, Stevens County initiated a lien foreclosure proceeding seeking a judgment and decree of foreclosure against various properties on which taxes were owed throughout the county. The properties included a parcel owned by appellant Michael Gene Nichols. Instead of answering the complaint, Nichols, on October 24, 2022, filed a document titled "Notice of Interest Commercial Affidavit." Clerk's Papers (CP) 1-28.

During a hearing on October 26, 2022, Michael Nichols argued against Stevens County's efforts to obtain a judgment for his delinquent property taxes. He claimed that he holds a patent covenant from the federal government to him as an heir forever. The patent excused him from paying taxes.

The superior court ruled that Michael Nichols failed to appropriately answer Stevens County's summons and complaint, and the court entered an order of sale, order of default, and findings of fact and conclusions of law. Nichols then seemingly moved for a stay or continuance of the proceedings, or as he dubbed it, "a petition for a grace period that you have to give me because I petitioned it." Report of Proceedings (RP) at 16. The superior court rejected the petition.

On November 28, 2022, Michael Nichols filed with the superior court a motion for a stay of sale pending appeal. Because the total amount of taxes owed would be recoverable by the county with the sale of the property, the superior court granted the stay pending the outcome of Nichols' appeal.

PENDING MOTIONS

Gene Nichols demands copies of a "foreign agent registry act form" supposedly issued by the British Crown to Stevens County's counsel, the superior court, and others "acting [on] behalf of a Corporation Stevens County Inc." Reply Brief at 4. Pursuant to RAP 18.9(a), Stevens County moves the Court to grant sanctions, attorney fees, and costs on the basis that Michael Nichols' appeal is frivolous.

LAW AND ANALYSIS

On appeal, Michael Nichols argues that the superior court, and presumably this reviewing court, lacked jurisdiction to entertain a lien foreclosure proceeding against his real property. Nichols also contends that the superior court erred when denying him a grace period of 21 days. We reject each assignment. We note that the superior court granted him months of additional time to pay the taxes through a stay of the foreclosure during the appeal.

Michael Nichols argues the superior court lacked jurisdiction to order the sale of his property due to the absence of "a Christian (style) name" on the court caption, and insists the court's authority only extends to matters that concern corporations and the

contracts between them. Because he is a "human/creators," Nichols also maintains that he is not subject to the Revised Code of Washington.

Michael Nichols adheres to the sovereign citizen philosophy. He forwards to this court no law that would preclude a tax foreclosure on his property.

Sovereign citizens are "a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013). As one court explained:

> Those who affiliate with "Sovereign Citizenship" believe in a particular interpretation of the common law and believe they are not subject to governmental statutes, proceedings, or jurisdictions. They believe the individual, a "flesh and blood" man [denoted in lowercase letters], is separate from a legally fictious commercial entity imposed upon them by issuance of a birth certificate and other official documents (as governmental documents usually denote names in all capital letters). Through this fictitious entity, they believe, the United States government perpetuates fraud, making the individual a "creditor" of the fictious entity.

*People v. Anderson*, 2020 COA 56, 465 P.3d 98, 101, n.4 (2020). One commentator wrote:

> The point to remember is that, whatever circuitous and illogical route they take to get there—there is no point in trying to find a consistency or a rational pattern in the beliefs—sovereign citizens reject the current federal, state, and local governments and consider themselves outside their authority.

Michael Crowell, *A Quick Guide to Sovereign Citizens,* at 3, Admin. Just. Bull. (UNC Sch. of Gov't, Chapel Hill, N.C.), Nov. 2015. Our nation's courts do not adhere to the

philosophy. *People v. Brown*, 2022 IL App (2d) 210077-U, ¶ 26, *appeal denied*, 201

N.E.3d 579 (Ill. 2023); *United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983); *United*

*States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990); *United States v. Simonson*, 563

F. App'x 514 (8th Cir. 2014); *United States v. Hardin*, 489 F. App'x 984, 986 (8th Cir.

2012); *Wright v. Jackson*, 502 F. App'x 339, 340 (4th Cir. 2013); *Shepherd v. Payne*, No.

4:20-CV-844-KGB-BD, 2020 WL 8513838, at *1 (E.D. Ark. July 22, 2020), *report and*

*recommendation adopted*, No. 4:20-cv-00844-KGB, 2021 WL 536521 (E.D. Ark. Feb.

12, 2021).

The State seeks sanctions in the form of attorney fees and costs against Michael

Nichols for having to respond to a lengthy brief that accuses the superior court, the

Stevens County assessor, Stevens County treasurer, and a Stevens County deputy

prosecuting attorney of many devious acts, including postal fraud, intimidation, and

violations of the Washington State Constitution. Nichols' appeal is frivolous. It "cannot

be supported by any rational argument on the law or facts." *Yurtis v. Phipps*, 143 Wn.

App. 680, 697, 181 P.3d 849 (2008). Under RAP 18.9(a), we award Stevens County

reasonable attorney fees and costs on appeal.

CONCLUSION

We affirm the superior court's order of sale and grant Stevens County's motion for

attorney fees and costs. We deny Michael Nichols' demand for copies of the "Foreign

Agent Registry Act form" supposedly associated with Stevens County's counsel, others acting on behalf of Stevens County, and the superior court.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Pennell, J.

6