IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| THE LODGES IN WEST YAKIMA, LLC | ) | No. 40087-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID PEREZ ORTIZ, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant, | ) | |
| | ) | |
| MARY JANE FRASSINETTI, and all | ) | |
| other occupants of: 901 S. 72nd Ave., | ) | |
| #315, Yakima, WA 98908, | ) | |
| | ) | |
| Defendants. | ) | |

FEARING, J. — On appeal, David Perez Ortiz challenges the superior court's entry

of a writ restoring possession of his apartment to his landlord. He claims the landlord

failed to properly serve both the notice to pay rent or vacate and the unlawful detainer

summons and complaint. He also challenges the validity of the notice to pay because it

included an amount for late fees. Although the facts show service of the notice and the summons and complaint, we resolve the appeal on the basis that Perez Ortiz raises these purported defects for the first time on appeal. Perez Ortiz argues he can raise these two issues for the first time on appeal, but the defenses did not rid the superior court of subject matter jurisdiction and Perez Ortiz waived them.

FACTS

In June 2023, David Perez Ortiz and his wife, Mary Jane Frassinetti, entered into a rental agreement with The Lodges in West Yakima, LLC (The Lodges) for an apartment. Under the terms of the agreement, Perez Ortiz and Frassinetti agreed to pay a monthly rent of $1,500.

David Perez Ortiz and Mary Jane Frassinetti failed to pay rent for August and September 2023. On September 14, 2023, The Lodges prepared a 14-day Notice to Pay or Vacate to Perez Ortiz and Frassinetti due to nonpayment of rent, which included arrears, late fees, and a charge for "Reimbursed Expenses—Key Card." CP at 34. The Lodges' property manager personally delivered the notice to Frassinetti at the couple's apartment. The notice warned that failure to pay the balance or vacate within fourteen days could result in judicial proceedings leading to eviction. Neither Perez Ortiz nor Frassinetti paid the balance or vacated the premises after the fourteen-day period expired.

PROCEDURE

On October 6, 2023, The Lodges filed, under RCW 59.18.650(2)(a), an unlawful detainer action against David Perez Ortiz and Mary Jane Frassinetti.  The complaint alleged that The Lodges owned the apartment and sought restitution of the premises and damages.  The summons required Perez Ortiz and Frassinetti to file a written response by October 23, 2023.  The superior court also entered an order to show cause for Perez Ortiz's and Frassinetti's appearance in court on October 24.

The Lodges unsuccessfully attempted to serve the unlawful detainer pleadings on October 9, 10, and 11, on David Perez Ortiz and Mary Jane Frassinetti through the property manager, security personnel, and maintenance staff.  On October 10, The Lodges' night security guard, Moises Aguilera, knocked on the couple's door.  When the couple's roommate opened the door and noticed Aguilera holding the summons and complaint, he shut the door before Aguilera could hand him the documents.  The roommate yelled from the other side of the door: "David won't accept paperwork with his name capitalized."  CP at 59.

The Lodges then hired a process server, who futilely attempted service on October 12, 13, 14, 15, and 17.  The Lodges eventually successfully served Frassinetti, but Perez Ortiz continued to elude service.

On October 20, 2023, The Lodges filed a motion in the superior court seeking authorization to serve an amended eviction summons, complaint for unlawful detainer,

3

and an order to show cause by alternative means under RCW 59.12.085. The court granted the request, while permitting service through posting and mailing the amended unlawful detainer action documents. The superior court issued a new order to show cause for a hearing on November 2, 2023, in order to afford David Perez Ortiz and Mary Jane Frassinetti the needed time for a response.

On October 24, 2023, The Lodges' manager, Devin Rinaldi, posted the unlawful detainer pleadings on David Perez Ortiz and Mary Jane Frassinetti's apartment door and mailed a certified copy to their address. That same day, Perez Ortiz filed a response entitled "Affidavit of Truth," declaring he is a "natural, freeborn sovereign man" who is not subject to any entity, that he is "not a 'person' as defined in 'statutes' when such definitions include 'artificial entities,'" and that no "'laws' nor 'their enforcers' have any authority over me." CP at 82-83. The affidavit also cited United States Supreme Court caselaw purportedly establishing Perez Ortiz's right to reject liability under the rental agreement. The affidavit of truth concluded, "under penalty of purgatory under the laws of Washington State," that its contents were true and correct. CP at 82-83.

At the November 3, 2023, show cause hearing, David Perez Ortiz appeared pro se. Mary Jane Frassinetti did not attend. Perez Ortiz immediately objected to the proceedings:

> PEREZ ORTIZ: I am here to make a special Devine appearance (inaudible) persona.
> . . . .

4

No. 40087-5-III,
*The Lodges in West Yakima, LLC v. Ortiz*

THE COURT: So—the first thing is you're here after being given today's date by summons. You have the right to always hire an attorney. You are able to do that if you'd like to. Hold on. If you're not able to do that, we can always have you go through the screening process to see if you would qualify for an attorney at no cost to yourself. If that's something that interests you, I'd give you the card and give you the number to call. And ask you to call today, Monday, Tuesday, until you get through that screening process. And then we would re-set today's hearing to a date some time in the future. Is that something you'd like to do today?

PEREZ ORTIZ: When you say you, who are you referring to? The man or a fiction of law?

THE COURT: I'm—I'm—I'm speaking to you.

PEREZ ORTIZ: Who?

THE COURT: The individual who asked a question.

PEREZ ORTIZ: You're using it incorrectly. You who? You the computer? You that dude over there? You—these guys?

THE COURT: Okay. I'm going to call—I'm going to call you David Perez Ortiz, so that's who I'm talking to.

PEREZ ORTIZ: So you're speaking to the man?

THE COURT: Yes.

PEREZ ORTIZ: Okay. Thank you for your offer. I kindly refuse it.

Report of Proceedings (RP) at 2-4.

David Perez Ortiz asked to see the judge's oath of office, inquired whether "this is a court of record," demanded to know if the judge had an "oath of affirmation" pursuant to the Uniform Commercial Code, Title 62A RCW, questioned how the hearing could proceed without such an oath, asserted that the tribunal was only authorized to address commercial laws, and asked:

PEREZ ORTIZ: I have one question.

THE COURT: Go ahead.

PEREZ ORTIZ: So the case was filed against who exactly? Was it filed against a man? Or was it filed against an all caps name, a fiction of

5

law, also known as a trust entity?  Who was the—who was the real party in
interest?

RP at 8.

The superior court attempted to comprehend Perez Ortiz's objection that service

was directed to the "all capitals, DAVID PEREZ ORTIZ" rather than "the man, David

Perez Ortiz."  RP at 21.  After overruling his objections and hearing testimony, the court

granted a writ of restitution to The Lodges, restoring possession of the premises.

LAW AND ANALYSIS

David Perez Ortiz subscribes to the sovereign citizen philosophy.  Sovereign

citizens are "a loosely affiliated group who believe that the state and federal governments

lack constitutional legitimacy and therefore have no authority to regulate their behavior."

*United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013).  As one commentator

aptly notes:

> The point to remember is that, whatever circuitous and illogical
> route they take to get there—there is no point in trying to find a consistency
> or a rational pattern in the beliefs—sovereign citizens reject the current
> federal, state, and local governments and consider themselves outside their
> authority.

Michael Crowell, *A Quick Guide to Sovereign Citizens*, ADMIN. JUST. BULL., Nov. 2015,

at 3, https://www.sog.unc.edu/sites/www.sog.unc.edu/files/reports/aojb1504.pdf.

When unrepresented by counsel, David Perez Ortiz invoked sovereign-citizen

arguments.  He asserted that the superior court lacked jurisdiction to issue a writ of

restitution because its authority supposedly extends only to corporations and contracts between them. Proclaiming himself a "natural, freeborn sovereign man." CP at 82. Perez Ortiz insisted he was exempt from the court's jurisdiction, the laws of Washington, and the authority of State agents. He presented no legal authority to the superior court that would preclude a writ of restitution, nor could he—our nation's courts have repeatedly rejected the sovereign citizen philosophy. *People v. Brown*, 2022 IL App (2d) 210077-U, ¶ 26, *appeal denied*, 201 N.E.3d 579 (Ill. 2023); *United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990); *United States v. Simonson*, 563 F. App'x 514 (8th Cir. 2014); *United States v. Hardin*, 489 F. App'x 984, 986 (8th Cir. 2012).

On appeal, now represented by counsel, David Perez Ortiz argues that The Lodges failed to comply with the due diligence requirements of RCW 59.18.055 and the notice requirements of RCW 59.18.650(2)(a) and RCW 59.12.030(3) when serving him by mail. We note that the superior court gave Perez Ortiz the opportunity to seek pro bono counsel and was willing to delay the proceedings, but Perez Ortiz refused the offers and proceeded with the show cause hearing. He did not argue failure of due diligence or lack of notice before the superior court. He did not argue ineffective service of process.

Under RAP 2.5(a), this court "may refuse to review any claim of error which was not raised in the trial court." *Washington Federal Savings v. Klein*, 177 Wn. App. 22, 29, 311 P.3d 53 (2013), r*eview denied*, 179 Wn.2d 1019, 318 P.3d 280 (2014). Accordingly,

we decline to review Perez Ortiz's assignments of error, all of which he failed to raise before the superior court. *Pellino v. Brink's, Inc.*, 164 Wn. App. 668, 685 n.8, 267 P.3d 383 (2011).

David Perez Ortiz contends he may raise the failure to serve the summons and complaint and the pay rent notice and assert the defective notice for the first time on appeal because those failures impact the superior court's jurisdiction. We disagree. A defendant waives the defense of personal jurisdiction if the defendant does not assert the defense in a responsive motion or pleading. CR 12(h)(1). In contrast to subject matter jurisdiction, the defendant cannot raise for the first time on appeal personal jurisdiction when the defendant entered a general appearance or filed a responsive pleading that does not dispute personal jurisdiction. *In re Estate of Fitzgerald*, 172 Wn. App. 437, 454 n.12, 294 P.3d 720 (2012).

On October 24, 2023, David Perez Ortiz filed a responsive pleading, entitled "Affidavit of Truth," that did not assert a failure of service. CP at 82. Perez Ortiz does not and could not successfully argue that the superior court lacked subject matter jurisdiction.

While citing *Hernandez v. France*, 29 Wn. App. 2d 777, 787, 544 P.3d 518 (2024), Perez Ortiz contends the court should review his arguments under RAP 2.5(a)(2) because they concern The Lodges' "failure to establish facts upon which relief can be granted." CP at 8. In *Hernandez v. France*, the trial court granted Jonathan Hernandez a

writ of restitution despite his failure to provide any evidence that he owned the property or that a landlord-tenant relationship existed with Siobhana France. The superior court did not take testimony or consider any evidence at the show cause hearing. France contended she purchased the property from Marjorie Townsend such that she was not a tenant of Hernandez. France presented to the superior court a real estate excise tax affidavit confirming a sale between Townsend and France. Thus, a genuine issue of whether Hernandez owned the property arose. Hernandez failed to present any evidence of his ownership of the property. On appeal, this court reversed and dismissed the unlawful detainer action, even though France raised the issue of dismissal for the first time on appeal. This court wrote: "A party may always raise their opponent's failure to establish facts upon which relief can be granted for the first time on appeal." *Hernandez v. France*, 29 Wn. App. 2d 777, 787, 544 P.3d 518, 523 (2024).

David Perez Ortiz argues that failure to give proper notice and service results in the landlord failing to establish facts upon which relief may be granted. Nevertheless, Perez Ortiz argued against jurisdiction over his natural being during the show cause hearing. He did not assert a lack of service. The superior court found that The Lodges perfected notice and service of process upon Perez Ortiz. Moreover, unlike *Hernandez v. France*, the superior court here took testimony and considered evidence establishing both the tenancy between Perez Ortiz and The Lodges.

No. 40087-5-III,
*The Lodges in West Yakima, LLC v. Ortiz*

CONCLUSION

We affirm the superior court's grant of a writ of restitution. We award, under RAP 18.1 and RCW 59.18.290, The Lodges reasonable attorney fees and costs incurred on appeal, subject to its compliance with RAP 18.1(d).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Cooney, J.

_____
Lawrence-Berrey, C.J.

10