# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 25-3193

———————————————

United States of America

*Plaintiff - Appellee*

v.

Anthony Dean Essing

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Central

——————————

Submitted: May 19, 2026
Filed: May 29, 2026
[Unpublished]

——————————

Before LOKEN, SMITH, and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

Anthony Essing appeals the sentence the district court[1] imposed after he pleaded guilty to a drug offense pursuant to a written plea agreement. His counsel

———————————————

[1]The Honorable Leonard T. Strand, United States District Judge for the Northern District of Iowa.

has moved to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the district court lacked jurisdiction over him because he is a sovereign citizen and that the indictment was unconstitutional.

After careful review, we conclude the district court had jurisdiction to sentence Essing, <u>see</u> 18 U.S.C. § 3231 (district courts have original jurisdiction of all offenses against the laws of the United States); <u>United States v. Hardin</u>, 489 Fed. Appx. 984, 986 (8th Cir. 2012) (rejecting sovereign citizen-style challenges to jurisdiction as meritless); <u>United States v. Simonson</u>, 563 Fed. Appx. 514 (8th Cir. 2014) (unpublished per curiam) (argument that defendants were sovereign citizens to whom court's jurisdiction and federal criminal statutes did not apply was frivolous), and that the indictment was constitutional, <u>see</u> <u>United States v. Hayes</u>, 574 F.3d 460, 471-72 (8th Cir. 2009) (because indictment sufficiently alleged violation of the laws of the United States, district court had jurisdiction).

Further, having independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw and affirm.

_____