Opinion filed June 4, 2026



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00321-CV
_____

## MARIA N. VILLANI, Appellant

## V.

## VANDERBILT MORTGAGE AND FINANCE, INC., Appellee

**On Appeal from the 32nd District Court**
**Mitchell County, Texas**
**Trial Court Cause No. 18311**

## M E M O R A N D U M   O P I N I O N

Appellee, Vanderbilt Mortgage and Finance, Inc. (Vanderbilt Mortgage), filed suit against Appellant, Maria N. Villani, for claims stemming from the parties' loan agreement.  Vanderbilt Mortgage later filed a traditional motion for summary

judgment, which the trial court granted after a hearing. Villani, as she did in the trial court, appears pro se and challenges the trial court's summary judgment order.[1]

In four issues, Villani requests that we determine whether: (1) "the trial court erred by disregarding Appellant's perfected security interest under UCC 9.301 and Texas Bus. & Com. Code § 9.301"; (2) "the administrative affidavit and unrebutted commercial record constitute a self-executing private contract enforceable in equity"; (3) "the trial court violated Appellant's procedural and substantive due process rights under the Fifth and Fourteenth Amendments"; and (4) "the trial court's conduct amounts to civil rights violations under 42 U.S.C. §§ 1983, 1985, and 1986." We affirm in part, and we reverse and remand in part.

## I. *Factual Background*

On March 25, 2022, Villani executed a written "Consumer Note, Disclosure and Security Agreement" (the contract) to finance the purchase of a mobile home (the home). Under the terms of the contract, Villani agreed to make monthly payments on the principal amount of the loan, as well as any interest or applicable late fees, until the loan was paid in full. Villani granted Vanderbilt Mortgage a security interest in the home to facilitate the repayment of the principal loan amount and other sums that would become due.

The contract included a section, reproduced below, which defined the circumstances that would constitute a default under the terms of the contract:

> **Default.** Subject to any limitations and requirements of applicable law and this Agreement, you will be in default if you[:]
>
> (1) fail to make a payment on time, (2) violate any provision of this Agreement, or (3) have made any false statements in your

---

[1]Although we liberally construe briefs and other filings that are submitted by pro se parties, we hold pro se litigants to the same standards as licensed attorneys and require them to be familiar with and comply with all applicable laws and rules of procedure and evidence. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Barrientos v. Barrientos*, 675 S.W.3d 399, 404 n.2 (Tex. App.—Eastland 2023, pet. denied); *Aaron v. Fisher*, 645 S.W.3d 299, 312 (Tex. App.—Eastland 2022, no pet.).

application, including without limitation misleading statements about the value of the [home], your financial situation or your position as first lien holder. To the extent this Agreement is secured by real estate or a residence that is personal property, the existence of a default and our remedies for such default will be determined by applicable law, by the terms of any separate agreement, including but not limited to a financing statement, or any separate instrument creating a security interest, and by this Agreement. We have the right to be paid back by you for all of our costs and expenses in enforcing this Agreement to the extent not prohibited by applicable law. Those expenses include, for example, collection costs, court costs, and reasonable attorneys' fees[.] If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

Villani subsequently ceased making payments to Vanderbilt Mortgage and defaulted.

On February 20, 2024, Vanderbilt Mortgage sent a notice of default to Villani, which stated that she had an opportunity to cure the default by making a payment in the sum of $3,210.15 by March 21. Villani failed to make the requested payment, and on March 28, Vanderbilt Mortgage sent Villani a notice of its intent to accelerate payment of the loan balance. On April 24, Vanderbilt Mortgage filed suit against Villani for breach of contract and sought foreclosure and possession of the home, requesting a declaration that a private sale would be commercially reasonable. *See* TEX. BUS. & COM. CODE ANN. §§ 9.609, .627 (West 2021).

Villani responded with a general denial on August 20.[2] That same day, Villani filed a counterpetition, raising claims for breach of contract, breach of fiduciary

---

[2]Villani drafted her pro se general denial by using a civil answer template from TexasLawHelp.org. In her answer, Villani hand-wrote the following as specific pleas to the trial court's jurisdiction and authority to hear and decide this case: "a(1) Motion to Strike Rule 12 TRCP, K.C. Littlefield has no authority[;] (2) Motion to Dismiss Rule 12 TRCP[;] (3) Motion to Dismiss Rule 91a TRCP, Rule 12(b)(6) FRCP[;] b(1) Motion to Strike contract performed pursuant to UCC 3-603(b)[;] c(1) Motion to dismiss no fees pursuant to UCC 3-603[;] d(1) Motion to Dismiss property is on Accodial (sic) land [*Burke v. Southern Pac. R. Co.*, 234 U.S. 669 (1914);] (e) Motion to Strike Rule 12 TRCP[;] (f) Motion to Dismiss lack of evidence exhibit is counterfeit security." Villani also asserted the following affirmative defenses by

duties, and nine alleged violations of federal law.[3] The myriad of counterclaims that she asserted primarily consisted of strained legalese about the federal reserve, "currency switch[ing]," "securitization," and other diatribes regarding—what we agree with the federal district courts to be—fictitious contracts or trusts allegedly established by the Declaration of Independence, the Texas Code of Judicial Conduct, or various oaths of office taken by judges and clerks, that are often commonly associated with complaints raised by sovereign citizens.[4]

---

checking the corresponding boxes on the civil answer template form: (1) accord and satisfaction, (2) duress, (3) estoppel, (4) failure of consideration, (5) fraud, and (6) statute of frauds. While she did not check the box, Villani indicated that she had paid the debt owed to Vanderbilt Mortgage through a "negotiable instrument" in December 2023, which was a "Bill of Exchange using special endorsement for performance and set off of the contract."

[3]Villani's federal claims include (1) civil monetary penalties under 12 U.S.C. § 504, (2) money laundering under 18 U.S.C. § 1956, (3) transportation of stolen securities under 18 U.S.C. § 2314, (4) securities and commodities fraud under 18 U.S.C. § 1348, (5) peonage under 18 U.S.C. § 1581, (6) enticement into slavery under 18 U.S.C. § 1583, (7) sale into involuntary servitude under 18 U.S.C. § 1584, (8) forced labor under 18 U.S.C. § 1589, and (9) benefitting financially from peonage, slavery, and trafficking under "18 U.S.C. § 1539a," presumably under 18 U.S.C. 1593a. *See* 12 U.S.C. § 504; 18 U.S.C. §§ 1348, 1581, 1583, 1584, 1589, 1593a, 1956, 2314.

[4]"Sovereign citizen" is a term that refers to individuals who often believe that they are not subject to state or federal laws because they are sovereign and beyond the reach of the government's jurisdiction. *See United States v. Jones*, 65 F.4th 926, 928 (7th Cir. 2023); *United States v. Jonassen*, 759 F.3d 653, 657 n.2 (7th Cir. 2014); *United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013). ("[S]overeign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior."). A common theme with sovereign citizens is the belief that governments and their subdivisions are corporate entities and that certain interactions between them and the government establishes a contract or trust.
Sovereign citizens have developed a reputation for filing false liens, baseless lawsuits, self-serving readings of the United States Constitution, and nonsensical pleadings based on these "contracts" or "trusts." *See, e.g.*, *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017); *United States v. Neal*, 776 F.3d 645, 657 (9th Cir. 2015); *In re Dominick*, No. 20-MC-80001-DMR, 2020 WL 1173505, at *3 n.7 (N.D. Cal. 2020) (citing *Bryant v. Washington Mut. Bank*, 524 F. Supp. 2d 753, 758 (W.D. Va. 2007), *aff'd*, 282 F. Appx. 260 (4th Cir. 2008)); *Lewis v. State*, 532 S.W.3d 423, 430–31 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (discussing common trial strategies of "sovereign citizens"); *see also Jemerson v. State*, No. 02-23-00036-CR, 2023 WL 6889947, at *5 n.6 (Tex. App.—Fort Worth Oct. 19, 2023, pet. ref'd) (mem. op., not designated for publication) (collecting cases); *MacDonald v. State*, No. 09-21-00390-CR, 2023 WL 6613349 at *3–4, *7 (Tex. App.—Beaumont Oct. 11, 2023, no pet.) (mem. op., not designated for publication); *Ochoa v. State*, No. 07-16-00400-CR, 2018 WL 1278714, at *4–5 (Tex. App.—Amarillo Mar. 12, 2018, no pet.) (mem. op., not designated for publication).

Vanderbilt Mortgage filed its traditional motion for summary judgment on October 23, 2024, and attached to its motion multiple documents, which included: (1) an executed and notarized business records affidavit from an authorized representative of Vanderbilt Mortgage; (2) copies of the contract signed by Villani, the notice of default and the right to cure the default that was sent to Villani, the notice of intent to accelerate the debt, and the notice of acceleration; (3) the payoff quote and payment history showing that Villani failed to make any loan payments after November 3, 2023; and (4) an affidavit in support of its request for attorney's fees. Villani did not file a response to Vanderbilt Mortgage's motion.

On November 6, Villani filed a motion for default judgment on her counterclaims, and she amended it the next day. Vanderbilt Mortgage filed a special appearance and argued that the named parties in Villani's counterpetition were not proper parties to the action, nor were they properly served with process, and attached an affidavit in support. On December 1, Villani filed various documents including a "Demand for Default Judgment," an "Affidavit of Truth," and a "Demand to Sanction Plaintiff's Attorney."[5] On December 17, Villani filed a motion for discovery, and she filed a "[d]eclaration" of her status as a "Private Citizen of the United States/Private American National/Non-'U.S. citizen'" the following day.

On December 19, the trial court held a hearing on Vanderbilt Mortgage's motion for summary judgment and Villani's motion for default judgment. Villani appeared at the hearing but asked the trial court to recognize Javier Ernesto-Ayala as her trial counsel. The trial court inquired as to Ernesto-Ayala's credentials, and he admitted that he was not a member of the State Bar of Texas or otherwise licensed or granted permission to practice law in Texas; however, Ernesto-Ayala claimed that

---

[5]The certificate of service for Villani's "Affidavit of Truth" stated that this document was a "Motion to Strike."

he could represent Villani as her legal counsel in this suit because he had "power of attorney over the name [Villani]." The trial court ruled that Ernesto-Ayala could not represent Villani in the matter and attempted to explain the basis for its ruling to Ernesto-Ayala, who became belligerent and disruptive. The trial court eventually ordered that Ernesto-Ayala be removed from the courtroom because of his unacceptable behavior.

The trial court asked Villani if she intended to proceed pro se at trial. In response, Villani stated that she would not represent herself at trial, she objected to the trial court's denial of her request to be represented by an unlicensed, non-attorney, and she claimed that she was denied due process because of a lack of "writing."[6] The trial court granted Villani a running objection for these complaints.

In its motion and at the hearing, Vanderbilt Mortgage argued that the trial court should grant summary judgment in its favor because it produced sufficient summary judgment evidence to support its claim and Villani did not respond to the motion. Villani responded by arguing that she had previously filed motions that were not responded to or ruled on by the trial court, including her counterclaims, which she contended were served on Vanderbilt Mortgage and its trial counsel. The trial court noted that while Villani had filed these motions and documents, she failed to request a hearing for any of her filings. Nevertheless, the trial court informed Villani that it was prepared to rule on Vanderbilt Mortgage's motion and her counterclaims.

The trial court orally "overruled and dismissed" Villani's counterclaims for "failure to state a cause of action," and it granted summary judgment in favor of

---

[6]Villani repeatedly made hearsay objections as Vanderbilt Mortgage's trial counsel was addressing the trial court at the hearing based on his "lack" of "firsthand knowledge," and she argued with the trial court about the prohibition against filming or recording in the courtroom. Villani also claimed that a representative for Vanderbilt Mortgage was not present at the hearing even though the trial court noted that a representative of Vanderbilt Mortgage was in fact present.

Vanderbilt Mortgage. Villani objected to the trial court's dismissal of her counterclaims. In its written summary judgment order, the trial court awarded Vanderbilt Mortgage $112,508.35 for the debt it sought, $2,500 for attorney's fees, interest, and foreclosure of the home and its possession. The order further stated that Vanderbilt Mortgage "shall recover all costs of Court for all of which let execution issue," "all relief prayed for by any party but not [t]herein expressly given [was] denied" and that the order "finally dispose[d] of all parties and claims and [was] appealable." Villani appealed.

## II. *The Issues Presented on Appeal*

We construe Villani's issues on appeal, as framed, as contending that the trial court reversibly erred when it: (1) granted Vanderbilt Mortgage's motion for summary judgment; (2) refused to permit a non-attorney to represent her during the hearing; and (3) dismissed her counterclaims.[7]

At the outset, we note that Villani's brief does not comply with the requirements of Rule 38.1 of the Texas Rules of Appellate Procedure, contains no citations to the record, and refers to and discusses matters that are beyond the scope of the record. *See* TEX. R. APP. P. 38.1. The Texas Rules of Appellate Procedure require that an appellant must "state concisely all issues or points presented for review" and make "a clear and concise argument" for each issue raised "with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(f), (i). The failure of an appellant to either cite relevant legal authority or advance substantive arguments to support the contentions made waives the issue that the appellant has raised on appeal. *See Dipprey v. Double Diamond, Inc.*, 637 S.W.3d

---

[7]Although Villani broadly requests that we vacate the trial court's judgment and to "[r]ecognize [her] perfected interest and commercial standing," because Villani does not reference or otherwise discuss her filed demands and motions in her appellate brief, we will not address the merits of the trial court's ruling, or lack thereof, concerning those filings. *See* TEX. R. APP. P. 38.1(i), 47.1.

784, 801 (Tex. App.—Eastland 2021, no pet.); *Flores v. Benavides*, No. 11-15-00060-CV, 2017 WL 962664, at *1 (Tex. App.—Eastland Mar. 9, 2017, no pet.) (mem. op.) ("Bare assertions of error, without citations to authority, waive error."). We nonetheless endeavor to address the merits of Villani's appellate arguments. *See Bertucci v. Watkins*, 709 S.W.3d 534, 541–42 (Tex. 2025) ("Courts 'should hesitate to resolve cases based on procedural defects and instead endeavor to resolve cases on the merits.'" (quoting *Lion Copolymer Holdings, LLC v. Lion Polymers, LLC*, 614 S.W.3d 729, 732 (Tex. 2020))).

### III. *Judgment Finality*

As an initial matter, we must address the purported finality of the trial court's judgment. "There are two paths for an order to become a final judgment without a trial: the order can (1) dispose of all remaining parties and claims then before the [trial] court, regardless of its language; or (2) include unequivocal finality language that expressly disposes of all claims and parties." *Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am.*, 685 S.W.3d 816, 820 (Tex. 2024) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001)). "If the judgment clearly and unequivocally states that it finally disposes of all claims and parties, the assessment is resolved in favor of finding finality, and the reviewing court cannot review the record." *Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 154 (Tex. 2023). Thus, when, as here, an order includes unequivocal finality language, the "order can be final and appealable when it should not be." *Lehmann*, 39 S.W.3d at 204.

The trial court's order granting summary judgment in favor of Vanderbilt Mortgage included unequivocal finality language. In its order, the trial court clearly described "its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable." *Patel*, 661 S.W.3d at 155 (quoting *Bella Palma, LLC v. Young*, 601

S.W.3d 799, 801 (Tex. 2020)). However, the trial court did not (1) rule on or sign an order relating to Vanderbilt Mortgage's special appearance, or (2) sign an order relating to the adjudication of Vanderbilt's counterclaims, to the extent the trial court had subject-matter jurisdiction over some or all the claims raised by Villani's counterpetition, or personal jurisdiction over any named defendant. *See* TEX. R. CIV. P. 120a(4).

When, as in this case, a trial court grants more relief than the summary judgment movant is entitled and states that its order is final with unmistakable clarity, the trial court's summary judgment order is reversible, not interlocutory. *Lehmann*, 39 S.W.3d at 204. Thus, in those circumstances, an appellate court must review the trial court's order on the merits and reverse only the parts of its order that are erroneous, absent circumstances that are not present here. *See Muhammedi v. Ali*, 722 S.W.3d 104, 108 (Tex. App.—Fort Worth 2025, no pet.) (rejecting the appellee's argument that the appellant's counterclaim was subsumed by the trial court's summary judgment on his breach-of-contract claim). Accordingly, we begin with addressing Vanderbilt Mortgage's motion for summary judgment.

## IV. *Summary Judgment*

### A. *Standard of Review*

We review a trial court's grant of summary judgment de novo. *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 837 (Tex. 2018). To prevail under the traditional summary judgment standard, the movant has the burden to establish that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c);[8] *ConocoPhillips Co. v. Koopmann*, 547 S.W.3d

---

[8]The Texas Supreme Court recently revised Rule 166a. Although the "rewrite is not intended to substantively change the law," it has resulted in a renumbering of the rule's provisions. *See* Final Approval of Amendments to Rule 166a of the Texas Rules of Civil Procedure, Misc. Docket No. 26-9012 (Tex. Feb. 27, 2026). The amendments to this rule only apply to motions for summary judgment that are filed on

858, 865 (Tex. 2018). If the movant meets its summary judgment burden, the burden shifts to the nonmovant to raise a genuine issue of material fact that would preclude the grant of summary judgment. *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 510–11 (Tex. 2014).

To determine if a genuine issue of material fact exists, we review the evidence in the light most favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 181 (Tex. 2019). We credit evidence favorable to the nonmovant if reasonable jurors could do so, and we disregard contrary evidence unless reasonable jurors could not. *Samson Expl., LLC v. T.S. Reed Props., Inc.*, 521 S.W.3d 766, 774 (Tex. 2017); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). The evidence raises a genuine issue of material fact if reasonable and fair-minded jurors could differ in their conclusions, considering all the summary judgment evidence presented. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

B. *Analysis*

In her first and second issues, Villani requests that we determine whether "the trial court erred by disregarding [Villani's] perfected security interest under UCC 9.301 and Texas Bus. & Com. Code § 9.301" and her "administrative affidavit and unrebutted commercial record constitute a self-executing private contract enforceable in equity." Specifically, she requests that we "recognize [her] perfected interest and commercial standing." Despite her briefing deficiencies, we construe

---

or after March 1, 2026. Because Vanderbilt Mortgage's motion for summary judgment was filed prior to the effective date of the rule's revision, we refer to the rule in effect at the time the motion was filed. *See id.*

Villani's first and second issues as contending that the trial court erred when it granted Vanderbilt Mortgage's motion for summary judgment.

In this instance, because Villani did not file a response to Vanderbilt Mortgage's motion, nor did she make the arguments at the summary judgment hearing to contest the merits of Vanderbilt Mortgage's motion that she now complains of on appeal, she failed to fairly apprise the trial court of her new complaints on appeal regarding the applicability of "UCC 1-201(b)(3), 3-305, and equity maxims," and Sections 9.301 through 9.310 of the Texas Business and Commerce Code. Thus, we may not consider the merits of these new complaints as grounds for the reversal of the trial court's grant of summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) ("The written answer or response to [a summary-judgment] motion must fairly apprise the movant and the [trial] court of the issues the non-movant contends should defeat the motion."); *State Bd. of Ins. v. Westland Film Indus.*, 705 S.W.2d 695, 696 (Tex. 1986) (per curiam) ("[I]ssues not expressly presented to the trial court may not be considered on appeal as grounds for reversal of a summary judgment.").

Nevertheless, Vanderbilt Mortgage argues that it proved, as a matter of law, all elements of its breach-of-contract claim with proper and sufficient summary judgment evidence. To prevail on a breach-of-contract claim, a party must establish the following: (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damages to the plaintiff because of the defendant's breach. *Eaves v. Unifund CCR Partners*, 301 S.W.3d 402, 407 (Tex. App.—El Paso 2009, no pet.).

Here, Vanderbilt Mortgage presented competent, uncontroverted summary judgment evidence to support each element of its breach-of-contract claim. Vanderbilt Mortgage's motion included multiple exhibits, which showed that it was

the present owner and holder of the contract and that the contract included unambiguous terms for the payment of the loan, the circumstances upon which a default would occur, and the rights of the parties under the contract. Further, the summary judgment evidence demonstrated that (1) Villani breached the contract by defaulting on her payments, (2) she was notified of this breach, (3) she did not cure or remedy the default, despite having the opportunity to do so, and, (4) as a result, Vanderbilt Mortgage was entitled to accelerate payment of the loan balance and to possession of the home. Thus, Vanderbilt Mortgage conclusively established its claim under the contract. Moreover, Villani did not respond to the motion or present any competent summary judgment evidence to negate or controvert these facts, or the arguments or evidence presented in Vanderbilt Mortgage's motion.

Based on this record, we conclude that the trial court did not err when it granted summary judgment in favor of Vanderbilt Mortgage. Accordingly, we overrule Villani's first and second issues on appeal.

## V. *Due Process Complaints*

In her third and fourth issues, Villani requests that we determine "[w]hether the trial court violated [Villani's] procedural and substantive due process rights under the Fifth and Fourteenth Amendments" and "[w]hether the trial court's conduct amounts to civil rights violations." Specifically, Villani argues that she was "denied a meaningful opportunity to be heard" and requests that we "[v]acate the trial court's judgment as void for want of jurisdiction" and "find that [her] due process was violated and [her] civil rights [were] infringed." As with Villani's woeful briefing on her other issues, we construe her third and fourth issues as a challenge to (1) the trial court's ruling that denied Ernesto-Ayala permission to represent Villani at the summary judgment hearing, and (2) the trial court's dismissal of the claims that Villani asserted in her counterclaim.

12

A. *The Dismissal of Villani's Counterclaims*

Vanderbilt Mortgage filed suit in April 2024. Villani answered and filed a counterpetition, asserting claims for breach of contract, breach of fiduciary duties, and several alleged violations of federal law. Vanderbilt Mortgage subsequently filed a motion for summary judgment on its breach-of-contract claim but did not mention or address in its motion the counterclaims asserted in Villani's counterpetition. Instead, it filed a special appearance on behalf of the named defendants and requested a dismissal of Villani's counterclaims.

Generally, summary judgments may only be granted upon grounds that are expressly asserted in the motion. *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011); *see also* TEX. R. CIV. P. 166a(c). Thus, a trial court commits reversible error if it grants summary judgment on claims that are not addressed in the motion. *Magee*, 347 S.W.3d at 297. Exceptions to this general rule exist, namely when: (1) the movant has conclusively proved or disproved a matter (usually corresponding to an asserted claim's element or to an affirmative defense) that would also preclude the unaddressed claim as a matter of law; or (2) the unaddressed claim is derivative of the claim that has been addressed, and the movant proved its entitlement to summary judgment on the addressed claim. *Id.* at 297–98; *see Endeavor Energy Res., L.P. v. Cuevas*, 593 S.W.3d 307, 312 (Tex. 2019); *E & E Serv. & Supply, Inc. v. Ruddick*, No. 11-14-00055-CV, 2016 WL 3941079, at \*3 (Tex. App.—Eastland July 14, 2016, no pet.) (mem. op.). If an exception is met, the trial court's error is harmless. *See Magee*, 347 S.W.3d at 297–98; *Neeley v. Lift, Inc.*, 731 S.W.3d 110, 129–30 (Tex. App.—Eastland 2026, no pet.); *see also* TEX. R. APP. P. 44.1(a).

By its final order granting summary judgment in favor of Vanderbilt Mortgage, the trial court also erroneously adjudicated Villani's counterclaims. *See*

*Lehmann*, 39 S.W.3d 205 ("An order that adjudicates only the plaintiff's claims against the defendant does not adjudicate a counterclaim, cross-claim, or third party claim."). "[I]n contractual disputes, it is possible for both parties to breach an agreement." *Ali*, 722 S.W.3d at 108 (citing *Bartush-Schnitzius Foods Co. v. Cimco Refrigeration, Inc.*, 518 S.W.3d 432, 434 (Tex. 2017)). Consequently, Villani's counterclaims that alleged that the named defendants breached the contract and their fiduciary duties, were not subsumed by or within the summary disposition of Vanderbilt Mortgage's breach-of-contract claim. *See id.*; *PAS, Inc. v. Engel*, 350 S.W.3d 602, 608–11 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (reversing summary judgment on the appellant's breach-of-fiduciary-duty claim). Nor were Villani's counterclaims for the alleged violations of federal law, to the extent that any of the allegations created a private cause of action over which the trial court had jurisdiction to hear and decide.

As a result, the trial court committed reversible error when it disposed of Villani's counterclaims through its summary judgment order. Therefore, we must sustain Villani's third issue in part, to the extent that it challenges the trial court's dismissal of her counterclaims in the summary judgment order. In so holding, we express no opinion regarding the merits of Villani's counterclaims or the appropriate disposition of those claims.

### B. *Non-Attorney Representation*

Finally, we address Villani's due process complaints to the extent she challenges the trial court's authority to prohibit Ernesto-Ayala from representing her in this case. We review a trial court's decision to prohibit a non-lawyer from representing another, and a trial court's administration of its docket, for an abuse of discretion. *See Benavides v. Rocha*, No. 04-95-00485-CV, 1996 WL 209795, at *3 (Tex. App.—San Antonio May 1, 1996, no writ) (citing *Sw. Bank & Tr. Co. v. Exec.*

14

*Sportsman Ass'n*, 477 S.W.2d 920, 930 (Tex. App.—Dallas 1972, writ ref'd n.r.e.) (mother attempted to appear on behalf of adult son). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles. *SM Energy Co. v. Buzzard Roost Farms, Inc.*, 727 S.W.3d 525, 547 (Tex. App.—Eastland 2025, no pet.).

A person may not practice law in the state of Texas unless they are a licensed member of the state bar or have otherwise been granted special permission to practice law in Texas. *See* TEX. GOV'T CODE ANN. §§ 81.101, .102 (West 2023) (a person may not practice law on behalf of another unless that person is a member of the state bar); *Unauthorized Prac. of Law Comm. v. Am. Home Assurance Co.*, 261 S.W.3d 24, 29 (Tex. 2008) ("To practice law in Texas, one must either be licensed by the Court or have special permission."); *Jimison ex rel. Parker v. Mann*, 957 S.W.2d 860, 861 (Tex. App.—Amarillo 1997, orig. proceeding) (per curiam). Rule 7 of the Texas Rules of Civil Procedure allows a person to appear in court either in a pro se capacity or through an attorney; however, absent circumstances not present here, only a licensed attorney may appear and represent another party in litigation, while a non-attorney may not. *See* TEX. R. CIV. P. 7; *Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996); *Swain v. Dobbs*, 692 S.W.3d 720, 732 (Tex. App.—Corpus Christi–Edinburg 2023, no pet.); *Rodriguez v. Marcus*, 484 S.W.3d 656, 657 (Tex. App.—El Paso 2016, no pet.); *Mann*, 957 S.W.2d at 861; *Garrett Trucking, LLC v. Roscoe Collegiate Indep. Sch. Dist.*, No. 11-24-00225-CV, 2024 WL 4845964, at *1 (Tex. App.—Eastland Nov. 21, 2024, no pet.) (mem. op.). In addition, a court has the inherent authority to inquire into the qualifications of those who appear and practice law in its courtroom. *Magaha v. Holmes*, 886 S.W.2d 447, 448 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding).

It is undisputed that Ernesto-Ayala (1) is not a named party to the suit, (2) is neither a member of the State Bar of Texas nor a licensed attorney, and (3) had not received special permission to practice law in Texas.[9] *See Pham v. Harris Cnty. Rentals, L.L.C.*, 455 S.W.3d 702, 710 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (holding that a property owner, acting pro se, could not represent his wife in an action filed against the owner and the owner's wife to foreclose a mechanic's lien because the property owner was not licensed to practice law); *Magaha*, 886 S.W.2d at 448 (holding that a plaintiff's mother could not act as his attorney because she was not licensed to practice law). Therefore, the trial court did not abuse its discretion when it denied Villani's request to allow Ernesto-Ayala to represent her at the summary judgment hearing. *See Scott v. Hamilton Cnty.*, No. 10-13-00411-CV, 2014 WL 5317771, at *4 (Tex. App.—Waco Oct. 16, 2014, pet. denied) (mem. op.) (citing *Unauthorized Prac. Comm. of the State Bar of Tex. v. Cortez*, 692 S.W.2d 47, 49 (Tex. 1985)).

The trial court also has broad discretion to manage trial proceedings and to maintain a proper level of decorum and dignity in the courtroom. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). Thus, we conclude that the trial court did not abuse its discretion when it removed Ernesto-Ayala from the courtroom based on his belligerent and disruptive behavior.

---

[9]We note that Ernesto-Ayala may have indicated to the trial court that he was representing Villani as a "friend." While Rule 44 of the Texas Rules of Civil Procedure allows for "[m]inors, lunatics, idiots, or persons non compos mentis who have no legal guardian" to sue and be represented by a "next friend," it does not permit unlicensed persons to practice law through an appointment as "next friend," nor was Ernesto-Ayala ever appointed by the trial court to act in the capacity of "next friend" for Villani. *Swain*, 692 S.W.3d at 732 (quoting *Mann*, 957 S.W.2d at 861); *see* GOV'T § 81.102(a); TEX. R. CIV. P. 44.

Accordingly, we overrule Villani's third issue in part.[10]  Given our disposition of Villani's third issue, we need not address her fourth issue.  TEX. R. APP. P. 47.1.

## VI.  *This Court's Ruling*

We reverse the trial court's summary judgment order to the extent that it adjudicated Villani's counterclaims, and we remand this cause to the trial court for further proceedings on those counterclaims.  In all other respects, we affirm the trial court's order.

W. STACY TROTTER

JUSTICE

June 4, 2026

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[10]The trial court afforded Villani notice and a hearing on Vanderbilt Mortgage's motion for summary judgment.  Therefore, it afforded Villani due process as it relates to its disposition of Vanderbilt Mortgage's claim.